IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ALFREDO ODAR<br> *Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.  4:21-cv-00079 |
| FELIX ENERGY HOLDINGS II, LLC AND ROCKY MOUNTAIN CRUDE OIL, LLC<br> *Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

**COMES NOW,** Defendant Felix Energy Holdings II, LLC, and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Eastern District of Texas, Tyler Division, of the action numbered and styled *Alfredo Odar v. Felix Energy Holdings II, LLC and Rocky Mountain Crude Oil, LLC*; in the 143rd Judicial District Court, Reeves County, Texas, Cause No. 21-03-23887-CVR (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1. If a suit is not removable at the time of filing but becomes removable later, the suit can be removed if the defendant files the notice of removal within 30 days after the defendant's receipt of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir.

2000) (holding that a post-complaint demand letter was "other paper"). This statute calls for a two-step test. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992) (holding that an answer to interrogatory occurring after the filing of the initial pleading constituted other paper). First a defendant must analyze whether the case stated by the initial pleading is removable. *Id*. Second, if the case stated by the initial pleading is not removable, the notice of removal must be filed within 30 days of receipt of other paper from which a defendant might ascertain that the case is removable. *Id*.

2. Plaintiffs First Amended Petition, was filed on March 12, 2021, alleging negligence and premises liability against Defendant Felix Energy Holdings II, LLC. Defendant Felix Energy Holdings II, LLC, timely removed this matter to federal court on April 22, 2021, asserting the improper or fraudulent joinder of Defendant Rocky Mountain Crude Oil, LLC. This matter was remanded back to the State Court, as at the time of filing the removal, Defendant Felix Energy Holdings II, LLC was unable to produce evidence confirming that Defendant Rocky Mountain Crude Oil, LLC was immune from suit under the Workers' Compensation Act.

3. On July 28, 2021, Defendant Rocky Mountain Crude Oil, LLC filed its Original Answer to Plaintiff's First Amended Petition and entered the lawsuit. On October 8, 2021, Defendant Rocky Mountain Crude Oil, LLC provided its Responses to Plaintiff's Request for Disclosure, and in conjunction with these Disclosures produced copies of its Certificate of Liability Insurance establishing Defendant Rocky Mountain Crude Oil, LLC is covered by a Workers Compensation liability policy. These copies of its Certificate of Liability Insurance were, for the first-time, produced to Defendant Felix Energy Holdings II, LLC providing evidence confirming and establishing that Plaintiff was covered under a Workers' Compensation policy on March 26, 2019, the date of the incident made the basis of this lawsuit.

4.     On October 8, 2021, Defendant Felix Energy Holdings II, LLC received copies of Defendant Rocky Mountain Crude Oil, LLC's Certificate of Liability Insurance.[1] This Certificate of Liability Insurance, confirms that Defendant Rocky Mountain Crude Oil, LLC was a Workers Compensation subscriber—under policy number WC106324400—from January 1, 2019 to January 1, 2020 and effective on the day of the incident made the basis of this lawsuit. This recently disclosed Certificate of Liability Insurance constitutes "other paper" from which Defendant Felix Energy Holdings II, LLC was able to ascertain that Defendant Rocky Mountain Crude Oil, LLC was impermissibly joined—through mistake or fraud—and now confirmed as an improper party, that this matter has become removable. *See Chapman,* 969 F.2d at 161 (holding that an answer to interrogatory occurring after the filing of the initial pleading constituted other paper).

5.     This Notice of Removal is filed within thirty (30) days from October 8, 2021, the date on which the other paper from which Defendant Felix Energy Holdings II, LLC was able to ascertain that the case had become removable and, thus, providing a basis for removal. This Notice of Removal is, therefore, timely filed under 28 U.S.C. § 1446(b)(3).

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Defendant asserts that Rocky Mountain Crude Oil, LLC was impermissibly joined—through mistake or fraud—and this improper joinder does not destroy federal court's jurisdiction over this matter as the proper parties are diverse in citizenship. Plaintiff in this action is a citizen of a different state from the Defendant, and no Defendant is a citizen of Texas. Complete diversity exists.

---

[1] *See* Defendant Rocky Mountain Crude Oil, LLC's exhibits Bates labeled RMCO 000001-000002, Certificate of Liability Insurance, ROCKMO-152, identifying Workers Compensation policy number WC106324400, effective from January 1, 2019 to January 1, 2020. Attached for reference and incorporated herein as Exhibit A.

7. Plaintiff Alfredo Odar was a citizen of Harris County, Texas at the time this action was filed. Consequently, Plaintiff Alfredo Odar was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

8. Defendant Felix Energy Holdings II, LLC is a limited liability company organized under the state laws of Delaware. On June 1, 2020—prior to the date this action was commenced—Felix Energy Holdings II, LLC merged into WPX Energy Permian, LLC. WPX Energy Permian, LLC is a Delaware limited liability company with its principal place of business in the State of Oklahoma. WPX Energy, Inc. is the sole member of WPX Energy Permian, LLC. WPX Energy, Inc. is a Delaware corporation with its principal place of business in the State of Oklahoma. Defendant Felix Energy Holdings II, LLC was at the time this action was commenced, and is currently, a citizen of the State of Delaware, the State of Oklahoma, and no other state.

9. Defendant Rocky Mountain Crude Oil, LLC, is a Texas limited liability company, and identified as the employer of Plaintiff at the time of the incident made the basis of this lawsuit. *See* Pl. First Amend. Pet., ¶¶ 8-18. Plaintiff asserts causes of action against Defendant Rocky Mountain Crude Oil, LLC for injuries allegedly sustained while acting as an employee of Rocky Mountain Crude Oil, LLC. *See* Pl. First Amend. Pet., ¶¶ 2, 8-10. Plaintiff either mistakenly or fraudulently sued Defendant Rocky Mountain Crude Oil, LLC. If not included by mistake, Defendant Rocky Mountain Crude Oil, LLC was fraudulently joined as a party in order to destroy diversity of citizenship.[1]

---

[1] Federal Courts use a myriad of tests to determine if diversity jurisdiction exists when claims of fraudulent joinder are alleged. The most widely used is the "No Possibility Test" requiring the removing party to show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court[,] or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

10. The joinder of Rocky Mountain Crude Oil, LLC is fraudulent as there is no real connection in the subject matter of Plaintiff's claims against Defendant Felix Energy Holdings II, LLC. Plaintiff asserts negligence against Rocky Mountain Crude Oil, LLC, for "not ensuring the safety of the work they directed Mr. Odar to perform, in not properly training their employees and agents, and in not ensuring a safe working environment for Mr. Odar." *See* Pl. First Amend. Pet., ¶ 10. Plaintiff confirms that the incident made the basis of this lawsuit "arise out of an incident while he was employed by Defendant Rocky Mountain Crude [Oil,] LLC while at a work site …" and while he "was working as an employee of Defendant Rocky Mountain [Crude Oil, LLC]." *See* Pl. First Amend. Pet., ¶¶ 2 and 8. Defendant Rocky Mountain Crude Oil, LLC, is a Workers compensation subscriber, and Plaintiff is a covered employee. *See* Exhibit A.

11. Worker's compensation payments are the exclusive remedy for an injured employee if the employee is "covered by workers' compensation insurance coverage …" *Garza v. Excel Logistics, Inc.*, 100 S.W.3d 280, 288 (Tex.App.-Houston [1st Dist.] 2002, pet. filed) (citing TEX. LABOR CODE § 408.001 (Vernon's 1996)). In similar actions, courts have held that the employer is entitled to immunity based on the exclusive remedy provision of the Workers' Compensation Act. *See Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 145 (Tex. 2003) (citing *Garza,* 100 S.W.3d at 287-88). Plaintiff's exclusive remedy against Rocky Mountain Crude Oil, LLC is under a Worker's Compensation claim and there is no valid state court cause of action. *See Wingfoot Enterprises*, 111 S.W.3d, at 145.

12. There is no possibility that Plaintiff will be able to establish a cause of action against Defendant Rocky Mountain Crude Oil, LLC, as it is an improper party, is entitled to immunity based on the exclusive remedy provision of the Workers' Compensation Act, and the conditions precedent have not been met for Plaintiff's alleged cause of action. *See Garza*, 100 S.W.3d at 288

and TEX. LABOR CODE § 408.001. Defendant Rocky Mountain Crude Oil, LLC is an improper party and as such its citizenship is irrelevant and should be disregarded. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979) (stating that if the claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal). Therefore, complete diversity exists.

## III.
## AMOUNT IN CONTROVERSY

13. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446.

14. A common-sense review of the Plaintiff's First Amened Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's First Amended Petition affirmatively pleads that he "seeks monetary relief over $1,000,000.00." Pl. First Amend Pet., ¶ 2. Further, the Plaintiff's First Amened Petition states that Plaintiff "suffered serious injuries" as a result of the incident made the basis of this lawsuit. Pl. First Amend Pet., ¶ 2. Plaintiff has not affirmatively plead damages of $75,000.00 or less in this action. Pl. First Amend Pet., ¶ 2.

15. Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $1,000,000.00. Pl. First Amend. Pet., ¶ 2. Defendant Felix Energy Holdings II, LLC asserts that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

16. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

17. Defendant Rocky Mountain Crude Oil, LLC was fraudulently or mistakenly joined to destroy diversity and its consent is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007).

18. By virtue of filing this Notice of Removal, the Removing Defendant does not waive his right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

19. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the State Court's Docket Sheet, Plaintiff's Petitions, Defendants' Answers, and all pending Motions and Orders.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

21. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Administrator of the 143rd Judicial District Court, Reeves County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Felix Energy Holdings II, LLC pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial

from the 143rd Judicial District Court, Reeves County, Texas to this Court, on the 22ND day of October 2021.

Respectfully submitted,

By: */s/ David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6000 (Telephone)
(214) 749-6100 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
FELIX ENERGY HOLDINGS II, LLC AND
ROCKY MOUNTAIN CRUDE OIL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22ND day of October 2021, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via U.S. Mail to all counsel of record:

    Juan C. Garcia
    Daniel Johnson
    William Mejia
    Johnson Garcia, LLP
    7324 Southwest Freeway, Suite 545
    Houston, Texas 77074
    *Counsel for Plaintiff*

/s/ *David L. Sargent*
**DAVID L. SARGENT**

# Exhibit A

| | | ROCKMO-152 | CFINNICUM |
|---|---|---|---|
| ACORD | **CERTIFICATE OF LIABILITY INSURANCE** | | DATE (MM/DD/YYYY) 01/22/2019 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER<br>Billings Office<br>PayneWest Insurance, Inc.<br>P.O. Box 30638<br>Billings, MT 59107-0638 | CONTACT NAME: | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): (406) 238-1900 | | FAX (A/C, No): (406) 245-9887 |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Zurich American Insurance Company | | 16535 |
| INSURED<br>Rocky Mountain Crude Oil LLC<br>RMCO Holdings LLC<br>US Shale Management Company<br>Greenwood Village, CO 80111 | INSURER B : Montana State Fund | | 15819 |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

**COVERAGES**          **CERTIFICATE NUMBER:**          **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | **UMBRELLA LIAB** ☐ OCCUR<br>**EXCESS LIAB** ☐ CLAIMS-MADE<br>☐ DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? **N** (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | X | WC106324400 | 01/01/2019 | 01/01/2020 | X PER STATUTE ☐ OTHER | |
| | | N/A | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| B | Work Comp - Montana | | | 034775031 | 01/01/2019 | 01/01/2020 | Limits $1M/$1M/$1M | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Felix Energy Holdings II, LLC<br>Attention: Sam Arneson<br>1530 16th Street, Suite 500<br>Denver, CO 80202 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br>*[signature]* |

ACORD 25 (2016/03)                © 1988-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

RMCO 000001

| | |
|---|---|
| **WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY** | **WC 00 03 13** |
| | (Ed. 4-84) |

### WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

```
BLANKET WAIVER
ANY PERSON OR ORGANIZATION FOR WHOM YOU ARE REQUIRED BY WRITTEN
CONTRACT OR AGREEMENT TO OBTAIN THIS WAIVER OF RIGHTS FROM US.
```

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective **01-12-19**      Policy No. **WC 1063244-00**         Endorsement No. **002**
Insured **US SHALE MANAGEMENT COMPANY**                                      Premium $ **INCL.**
Insurance Company **ZURICH AMERICAN INSURANCE COMPANY**

Countersigned By _____

WC 00 03 13
(Ed. 4-84)
© 1983 National Council on Compensation Insurance.

| | ROCKMO-152 | CFINNICUM |
|---|---|---|
| **ACORD** **CERTIFICATE OF LIABILITY INSURANCE** | | DATE (MM/DD/YYYY) 9/23/2021 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Billings Office PayneWest Insurance, a Marsh McLennan Agency LLC Company P.O. Box 30638 Billings, MT 59107-0638 | PHONE (A/C, No, Ext): (406) 238-1900 | | FAX (A/C, No): (406) 245-9887 |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Zurich American Insurance Company | | 16535 |
| INSURED US Shale Management Company Rocky Mountain Crude Oil LLC PO Box 7208 Billings, MT 59103 | INSURER B : Montana State Fund | | 15819 |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

COVERAGES    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC ☐ OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | DED ☐ RETENTION $ | | | | | | | $ |
| A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? N (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | X | WC106324400 | 1/1/2019 | 1/1/2020 | X PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| B | Work Comp - Montana | | | 034775031 | 1/1/2019 | 1/1/2020 | Limits $1M/$1M/$1M | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Policy Number WC106324400: Coverage A States: Colorado and Texas. If indicated, waiver of subrogation provided per form WC000313 - Waiver of Our Right to Recover from Others Endorsement.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Felix Energy Holdings II, LLC Attention: Sam Arneson 1530 16th Street, Suite 500 Denver, CO 80202 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE *[signature]* |

ACORD 25 (2016/03)            © 1988-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

| WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY | WC 00 03 13 |
|---|---|
| | (Ed. 4-84) |

## WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in the Schedule.

Schedule

BLANKET WAIVER
ANY PERSON OR ORGANIZATION FOR WHOM YOU ARE REQUIRED BY WRITTEN CONTRACT OR AGREEMENT TO OBTAIN THIS WAIVER OF RIGHTS FROM US.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective **01-12-19**   Policy No. **WC 1063244-00**   Endorsement No. **002**
Insured **US SHALE MANAGEMENT COMPANY**   Premium $ **INCL.**
Insurance Company **ZURICH AMERICAN INSURANCE COMPANY**

Countersigned By _____

WC 00 03 13
(Ed. 4-84)
© 1983 National Council on Compensation Insurance.

RMCO 000004