# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **ALFREDO ODAR** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**  4:21-cv-00079 |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE** | § | |
| **OIL, LLC** | § | |
| *Defendants.* | § | |

---

## INDEX OF STATE COURT FILE

---

The following is an index identifying each state court document and the date in which each

document was filed in the 143ʳᵈ Judicial District Court of Reeves County, Texas.

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| **2** | | State Court File |
| **2a** | 10/20/2021 | Docket Sheet |
| **2b** | 03/01/2021 | Plaintiff's Original Petition |
| **2c** | 03/11/2021 | Affidavit of Service for Rocky Mountain Crude Oil, LLC |
| **2d** | 03/12/2021 | Plaintiff's First Amended Petition |
| **2e** | 04/19/2021 | Defendant Felix Energy Holdings II, LLC's Original Answer |
| **2f** | 04/22/2021 | Defendant Felix Energy Holdings II, LLC's Notice of Removal |
| **2g** | 07/28/2021 | Defendant Rocky Mountain Crude Oil, LLC's Original Answer to Plaintiff's First Amended Petition |
| **2h** | 09/09/2021 | Order Granting Defendant Felix Energy Holdings II, LLC's Motion to Substitute Counsel |

**2i**      09/09/2021      Defendant Felix Energy Holdings II, LLC's Motion to Substitute Counsel

**2j**      09/27/2021      Plaintiff's Notice of Filing Medical and Billing Affidavits

# EXHIBIT 2a

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/b6bb9bf3ed985e72a8ff637d53e54107

## Case Information

## ODAR, ALFREDO VS. ROCKY MOUNTAIN CRUDE OIL LLC,FELIX ENERGY HOLDINGS, II, LLC,FELIX ENERGY HOLDINGS II, LLC

21-03-23887-CVR

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Reeves County - District Clerk | Civil - Injury or Damage | Other Injury or Damage | 3/1/2021 |

## Parties 4

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | ODAR, ALFREDO | JUAN CARLOS GARCIA |
| Defendant | FELIX ENERGY HOLDINGS II, LLC | DAVID L. SARGENT |
| Defendant | FELIX ENERGY HOLDINGS, II, LLC | DANIEL J. HARPER |
| Defendant | ROCKY MOUNTAIN CRUDE OIL LLC | DAVID L. SARGENT |

## Events 10

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 3/1/2021 | Filing | Petition | PLAINTIFF?S ORIGINAL PETITION | 2021-03-01 Original Petition_Odar Alfredo.pdf |
| 3/11/2021 | Filing | No Fee Documents | AFFIDAVIT OF SERVICE | Affidavit of Service_Odar Alfredo.pdf |
| 3/12/2021 | Filing | Amended Filing | PLAINTIFF'S FIRST AMENDED PETITION | 2021-03-12 Plaintiff's First Amended Petition_Odar Alfredo.pdf |
| 4/19/2021 | Filing | Answer/Response | Defendant's Original Answer | Felix Energy's Orig Ans.pdf |
| 4/22/2021 | Filing | Notice | Felix Energy Holdings II, LLC's Notice of Removal | Ntce of Removal-State.pdf |
| 4/22/2021 | Filing | No Fee Documents | Notice of Removal -Exhibit 1 | Ntce of Removal-State_Exhibit 1.pdf |
| 7/28/2021 | Filing | Answer/Response | Defendant Rocky Mountain Crude Oil, LLC's Original Answer to Plaintiff's First Amended Petition | ODAR Def RMC Answer to Pl's Amended Petition.pdf |
| 9/9/2021 | Filing | Proposed Order | Order Granting Motion to Substitute Counsel | Order Granting Mtn to Substitute Counsel.pdf |
| 9/9/2021 | Filing | Motion (No Fee) | Defendant's Motion to Substitute Counsel | Def's Motion to Substitute Counsel.pdf |
| 9/27/2021 | Filing | Notice | PLAINTIFF'S NOTICE OF FILING MEDICAL AND BILLING AFFIDAVITS | 2021-09-27 P's Notice of Medical Record and Billing Affidavits_Odar Alfredo.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved

Version: 2021.9.0.3284


EMPOWERED BY TYLER TECHNOLOGIES

# EXHIBIT 2b

3/1/2021 12:40 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| ALFREDO ODAR | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | REEVES COUNTY, TEXAS |
| | § | |
| ROCKY MOUNTAIN CRUDE OIL LLC | § | |
| *Defendant*. | § | 143 RD ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Alfredo Odar ("Plaintiff") complains of Defendant Rocky Mountain Crude Oil LLC ("Defendant Rocky Mountain Crude") and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiff requests that this case be governed by Discovery Control Plan Level 3, pursuant to TEX. R. CIV. P. 190.4.

### II.
### DAMAGES

2.      Mr. Odar's claims and causes of action arise out of an incident while he was employed by Defendant Rocky Mountain Crude LLC while at a work site owned and operated by Felix Energy, where Plaintiff perform work and suffered serious injuries. Mr. Odar's claims involve negligence. Mr. Odar seeks monetary relief over $1,000,000.00  and demands judgment for all other relief to which he may be entitled.

### III.

### PARTIES

3.      PLAINTIFF, ALFREDO ODAR is a resident of Harris County, Texas.

Copy from re:SearchTX

4.      DEFENDANT, ROCKY MOUNTAIN CRUDE OIL LLC is a corporation incorporated under the laws of Texas, doing business in Reeves County, Texas. Defendant can be served via its registered agent, Cantrell & Cantrell, PLLC at 3700 Buffalo Speedway, Suite 1000, Houston, Texas 77098.

## IV.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this controversy because the damages are within its jurisdictional limits.

6.      Venue for this action is proper in Reeves County, Texas, because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. *See* TEX. CIV. PRAC. & REM CODE § 15.002(a).

## V.

## FACTUAL BACKGROUND

7.      On March 26, 2019, Plaintiff Alfredo Odar was working as an employee of Defendant Rocky Mountain Crude at a job site in Reeves County, Texas.

8.      Mr. Odar was working as a tanker truck driver for Defendant Rocky Mountain Crude when he was offloading crude oil from his tanker as instructed by Defendant Rocky Mountain Crude to a depository pump owned, operated, and controlled by the Felix Energy. While the tanker was offloading crude oil via hoses, the depository pump shut down. This caused a buildup of pressure in the hose causing it to burst. The hose struck Mr. Odar's face and crude oil sprayed on him. Mr. Odar suffer from injury and pain from being struck by the hose and from being sprayed with crude oil on his face and body.

9.      Defendant was negligent in not ensuring the safety of the work they directed Mr. Odar to perform, in not properly training their employees and agents, and in not ensuring a safe working

Copy from re:SearchTX

environment for Mr. Odar. Because of Defendants' negligence, Mr. Odar has suffered

permanent physical injuries and mental anguish which has required, and will continue to require,

medical treatment now and into the future. These treatments have not rendered Mr. Odar pain

free or relieved him of his mental anguish.

## VI.

## CAUSES OF ACTION

**Count 1:        Negligence**

10.      Plaintiff incorporates all paragraphs in this Petition into this count.

11.      Defendant Rocky Mountain Crude is liable to Mr. Odar for negligence.

12.      Defendant  owed a duty or duties to Mr. Odar, including, but not limited to one or more

of the following ways:

      a.   Duty to use ordinary care;

      b.   Duty to use ordinary care in providing safe work conditions to its employees;

      c.   Duty to use ordinary care in supervising its employees;

      d.   Duty to use ordinary care in training its employees;

      e.   Duty to use ordinary care in taking precautions to protect
         the safety of others when an employee performs work that is
         inherently dangerous; and

      f.   Duty to use ordinary care to take corrective measures or to
         cancel a contract when an employer promulgates and enforces
         safety regulations and has actual knowledge that a contractor
         routinely ignores applicable safety regulations.

13.      Defendant Rocky Mountain Crude breached their duties when they failed to do that

which a person of ordinary prudence would or would not have done under the same or similar

circumstances or when they failed to do that which a professional of ordinary prudence in

Copy from re:SearchTX

that particular field would or would not have done under the same or similar circumstances.

14.     Specifically, Defendant Rocky Mountain Crude breached their duty of care in one or more of the following ways:

a.   Failed to properly train their employees;

b.   Failed to provide adequate equipment;

c.   Failed to properly supervise their employees;

d.   Failed to conduct adequate equipment maintenance;

e.   Failed to maintain a safe work environment;

f.   Failed to properly supervise work being performed;

g.   Failed to provide adequate warning to Plaintiff of the dangerous condition;

h.   Failed to provide adequate medical treatment;

i.   Failed to provide adequate instruction;

j.   Failed to properly inspect the premises;

k.   Intentionally directed an action that Defendant Rocky Mountain Crude knew was inherently dangerous;

l.   Otherwise failing to exercise ordinary care under the circumstances;

m.   Failed to implement adequate safety policies and procedures;

n.   Failed to ensure its safety systems were adequate and functional;

o.   Failed to have adequate emergency protocols;

p.   Failed to properly train its safety personnel to prevent exposure to dangerous chemicals;

q.   Failed to provide reasonable first aid to Mr. Odar;

r.   Violations of applicable rules, regulations, and standards;

Copy from re:SearchTX

    s.   Vicariously liable for the acts and omissions of their employees and agents;

    t.   Other acts deemed negligent;

    u.   Failing in additional ways, as will be revealed during discovery.

15.    Defendant Rocky Mountain Crude's conduct, actions, and inactions collectively or in combination with others were a cause in fact, producing cause, legal cause, direct cause, proximate cause or a substantial factor in causing Plaintiff's injuries and damages.

16.    Plaintiff suffered substantial injuries and damages as set forth more fully below.

17.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## VII.

### PLAINTIFF'S T.R.C.P. 193.7 NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

18.    Notice is hereby served, that pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, all documents, materials, photographs, or discovery materials produced by Defendant are self-authenticated for use by Plaintiff against Defendant and Plaintiff reserves the right to rely on the authenticity of and to use any of such documents in any pretrial proceeding or at trial in the above entitles and numbered case.

## VIII.

### JURY DEMAND

19.    Plaintiff hereby demands a jury trial and tenders the appropriate fee with this petition.

## IX.

### PRAYER FOR RELIEF

20.    For these reasons, Plaintiff respectfully prays that the Court enter judgment against Defendant Rocky Mountain Crude as follows:

Copy from re:SearchTX

a.  for actual and exemplary damages in an amount within the jurisdictional limits of the court;

b.  for reasonable and necessary past and future medical costs and expenses;

c.  for past and future pain and suffering and mental anguish;

d.  for past and future lost wages and lost wage-earning capacity;

e.  for past and future physical impairment;

f.  for pre and post-judgment interest, as allowed by law;

g.  for costs of suit (including costs of depositions and expert witness fees); and

h.  for any additional relief to which Plaintiff may be entitled.


Respectfully submitted,

**JOHNSON GARCIA LLP**

By: /s/ *Juan C. Garcia*
    Juan C. Garcia (SBN 24045914)
    Daniel Johnson (SBN 24046165)
    William Mejia (SBN 24063786)
    Two Arena Place
    7324 Southwest Fwy, Suite 545
    Houston, Texas 77074
    Telephone: (832) 844-6700
    Facsimile: (832) 844-6868
    E-mail: juan@johnsongarcialaw.com
    E-mail:  daniel@johnsongarcialaw.com
    E-mail: william@johnsongarcialaw.com
    ATTORNEYS FOR PLAINTIFF

Copy from re:SearchTX

# EXHIBIT 2c

21-03-23887-CVR

3/11/2021 2:30 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of REEVES**                    **143rd Judicial District Court**

Case Number: 21-03-23887-CVR

||||||| BARCODE |||||||
BBW2021002606

Plaintiff:
**ALFREDO ODAR**

vs.

Defendant:
**ROCKY MOUNTAIN CRUDE OIL LLC**

Received by Zach Thibodeaux on the 8th day of March, 2021 at 2:55 pm to be served on **ROCKY MOUNTAIN CRUDE OIL LLC REGISTERED AGENT: CANTRELL & CANTRELL PLLC, 3700 BUFFALO SPEEDWAY, STE 1000, HOUSTON, TX 77098.**

I, Zach Thibodeaux, being duly sworn, depose and say that on the **10th day of March, 2021** at **1:20 pm, I:**

Served an authorized agent by delivering a true copy of the **CITATION / PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **Carol Cantrell as Attorney And Partner Of Cantrell & Cantrell** at the address of: **3700 BUFFALO SPEEDWAY, STE 1000, HOUSTON, TX 77098** on behalf of **ROCKY MOUNTAIN CRUDE OIL LLC**, and informed said person of the contents therein, in compliance with state statutes.

"My name is  Zach Thibodeaux  my date of birth is 6/27/1985  and my address is 1419 Montrose Blvd., Unit 702, HOUSTON,, TX 77009.  I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, State of Texas on the _____ Day of _March_, 2021, Zach Thibodeaux declarant."

_Zachary Thibodeaux_
**Zach Thibodeaux**
PSC-13486 , EXP 02/28/2022

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2021002606

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

Copy from re:SearchTX

# EXHIBIT 2d

CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| ALFREDO ODAR | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | REEVES COUNTY, TEXAS |
| | § | |
| FELIX ENERGY HOLDINGS II, LLC and | § | |
| ROCKY MOUNTAIN CRUDE OIL LLC | § | |
| *Defendants*. | § | 143RD JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Alfredo Odar ("Plaintiff") complains of Defendant Rocky Mountain Crude Oil LLC ("Defendant Rocky Mountain") and Felix Energy Holdings II, LLC ("Defendant Felix Energy") and for cause of action would respectfully show the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.      Plaintiffs request that this case be governed by Discovery Control Plan Level 3, pursuant to TEX. R. CIV. P. 190.4.

### II.

### DAMAGES

2.      Mr. Odar's claims and causes of action arise out of an incident while he was employed by Defendant Rocky Mountain Crude LLC while at a work site owned and operated by Felix Energy, where Plaintiff perform work and suffered serious injuries. Mr. Odar's claims involve negligence. Mr. Odar seeks monetary relief over $1,000,000.00  and demands judgment for all other relief to which he may be entitled.

Copy from re:SearchTX

## III.

## PARTIES

3.     PLAINTIFF, ALFREDO ODAR is a resident of Harris County, Texas.

4.     DEFENDANT, ROCKY MOUNTAIN CRUDE OIL LLC is a corporation incorporated under the laws of Texas, doing business in Harris County, Texas. Defendant can be served via its registered agent, Cantrell & Cantrell, PLLC at 3700 Buffalo Speedway, Suite 1000, Houston, Texas 77098.

5.     DEFENDANT, FELIX ENERGY HOLDINGS II, LLC is a is a foreign corporation  incorporated under the laws of Delaware, who is doing business in Texas. Defendant can be served via its registered agent, Cogency Global Inc. at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

## IV.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this controversy because the damages are within its jurisdictional limits.

7.     Venue for this action is proper in Reeves County, Texas, because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.  *See* TEX. CIV. PRAC. & REM CODE § 15.002(a).

## V.

## FACTUAL BACKGROUND

8.     On March 26, 2019, Plaintiff Alfredo Odar was working as an employee of Defendant Rocky Mountain at a job site in Reeves County, Texas. The job site was owned, operated, and controlled by the Defendant Felix Energy.

9.     Mr. Odar was working as a tanker truck driver for Defendant Rocky Mountain when he

Copy from re:SearchTX

was offloading crude oil from his tanker as instructed by Defendant Rocky Mountain to the depository owned, operated, and controlled by the Defendant Felix Energy. While the tanker was offloading crude oil via hoses, the depository pump shut down. This caused a buildup of pressure in the hose causing it to burst. The hose struck Mr. Odar's face and crude oil sprayed on him. Mr. Odar suffer from injury and pain from being struck by the hose and from being sprayed with crude oil on his face and body.

10.      Defendants were negligent, individually, and collectively, in not ensuring the safety of the work they directed Mr. Odar to perform, in not properly training their employees and agents, and in not ensuring a safe working environment for Mr. Odar. Because of Defendants' negligence Mr. Odar has suffered permanent physical injuries and mental anguish which has required, and will continue to require, medical treatment now and into the future. These treatments have not rendered Mr. Odar pain free or relieved him of his mental anguish.

## VI.

## CAUSES OF ACTION

**Count 1:       Negligence**

11.      Plaintiff incorporates all paragraphs in this Petition into this count.

12.      Defendants are jointly and severally liable to Mr. Odar for negligence.

13.      Defendants owed a duty or duties to Mr. Odar, including, but not limited to one or more of the following ways:

      a.  Duty to use ordinary care;

      b.  Duty to use ordinary care in exercising whatever control it retains over an independent contractor or subcontractor;

      c.  Duty to use ordinary care in supervising its employees;

Copy from re:SearchTX

    d.  Duty to use ordinary care in training its employees;

    e.  Duty to use ordinary care in selecting an independent contractor;

    f.  Duty to use ordinary care in taking precautions to protect the safety of others when an independent contractor or employee performs work that is inherently dangerous; and

    g.  Duty to use ordinary care to take corrective measures or to cancel a contract when an employer promulgates and enforces safety regulations and has actual knowledge that a contractor routinely ignores applicable safety regulations.

14.    Defendants breached their duties when they failed to do that which a person of ordinary prudence would or would not have done under the same or similar circumstances or when they failed to do that which a professional of ordinary prudence in that particular field would or would not have done under the same or similar circumstances.

15.    Specifically, Defendants breached their duty of care in one or more of the following ways:

    a.  Failed to properly train their employees;

    b.  Failed to provide adequate equipment;

    c.  Failed to properly supervise their employees;

    d.  Failed to conduct adequate maintenance;

    e.  Failed to maintain a safe work environment;

    f.  Failed to properly supervise work being performed;

    g.  Failed to provide adequate warning to Plaintiff of the dangerous condition;

    h.  Failed to provide adequate medical treatment;

    i.  Failed to provide adequate instruction;

    j.  Failed to properly inspect the premises;

Copy from re:SearchTX

k.  Intentionally directed an action that Defendants knew was inherently dangerous;

l.  Otherwise failing to exercise ordinary care under the circumstances;

m.  Failed to implement adequate safety policies and procedures;

n.  Failed to ensure its safety systems were adequate and functional;

o.  Failed to have adequate emergency protocols;

p.  Failed to properly train its safety personnel to prevent exposure to dangerous chemicals;

q.  Failed to provide reasonable first aid to Mr. Odar;

r.  Violations of applicable rules, regulations, and standards;

s.  Vicariously liable for the acts and omissions of their employees and agents;

t.  Other acts deemed negligent;

u.  Failing in additional ways, as will be revealed during discovery.

16.    Defendants' conduct, actions, and inactions collectively or in combination with others were a cause in fact, producing cause, legal cause, direct cause, proximate cause or a substantial factor in causing Plaintiffs injuries and damages.

17.    Plaintiff suffered substantial injuries and damages as set forth more fully below.

18.    Plaintiff seeks damages within the jurisdictional limits of this Court.

**COUNT II: PREMISES LIABILITY (FELIX ENERGY)**

19.    In addition and in the alternative, Defendant Felix Energy are liable to Mr. Odar for premises liability.

20.    Defendants owned, occupied, possessed, and controlled the area where Mr. Odar

was injured.

21.     On March 26, 2019, Mr. Odar was an invitee on the premises;

22.     On March 26, 2019, Defendant Felix Energy owed a legal duty to its invitee, Mr.

Odar, including the following:

      a.   Duty to keep the premises in a reasonably safe condition;

      b.   Duty to make the dangerous condition reasonably safe;

      c.   Duty to protect Mr. Odar from unreasonable risks of harm;

      d.   Duty to adequately warn Mr. Odar of the dangerous condition;

      e.   Duty to exercise reasonable care to avoid aw foreseeable risk of injury to others;

      f.   Duty to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by the individual's conduct;

      g.   Duty to use ordinary care in aiding or protecting others from peril when the peril is under Defendant's control;

23.     On March 26, 2019 and at all times material to this lawsuit, there was an unreasonably dangerous condition on the premises in the area where Mr. Odar was injured. Defendants knew, or reasonably should have known, about the dangerous condition on the premises. The condition was concealed, and not open and obvious, at least as to Mr. Odar, and he was not aware of the danger. The premises condition created a dangerous hazard for invitees on the premises, thereby constituting a special defect or premises defect.

24.     Defendants had a duty to either warn Mr. Odar of this unreasonable dangerous condition or to make the unreasonably dangerous condition reasonably safe. Defendants breached this duty by failing to warn Mr. Odar of this known and unreasonably dangerous condition

Copy from re:SearchTX

and by failing to make the unreasonably condition safe when the Defendants knew such conductwas substantially certain to cause the injury.

25.     On March 26, 2019, Mr. Odar had no other choice but to use an unsafe premise. It was 1) necessary that the invitee, Mr. Odar, use the dangerous premises, and 2) Defendants should have anticipated that the invitee is unable to take measures to avoid the risk.

26.     Defendants' conduct and actions were a cause in fact, producing cause, legal cause, direct cause, and proximate cause of Plaintiffs injuries and damages.

27.     Plaintiff suffered injuries and damages as set forth more fully below.

28.     Plaintiff seeks damages within the jurisdictional limits of this Court.

## VII.

## PLAINTIFF'S T.R.C.P. 193.7 NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

29.     Notice is hereby served, that pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, all documents, materials, photographs, or discovery materials produced by Defendants are self-authenticated for use by Plaintiff against Defendants and Plaintiff reserves the right to rely on the authenticity of and to use any of such documents in any pretrial proceeding or at trial in the above entitles and numbered case.

## VIII.

## JURY DEMAND

30.     Plaintiff hereby demands a jury trial and tenders the appropriate fee with this petition.

## IX.

## PRAYER FOR RELIEF

31.     For these reasons, Plaintiff respectfully prays that the Court enter judgment against both

Copy from re:SearchTX

Defendants as follows:

a. for actual and exemplary damages in an amount within the jurisdictional limits of the court;

b. for reasonable and necessary past and future medical costs and expenses;

c. for past and future pain and suffering and mental anguish;

d. for past and future lost wages and lost wage-earning capacity;

e. for past and future physical impairment;

f. for pre and post-judgment interest, as allowed by law;

g. for costs of suit (including costs of depositions and expert witness fees); and

h. for any additional relief to which Plaintiff may be entitled.

Respectfully submitted,

**JOHNSON GARCIA LLP**

By: /s/ *Juan C. Garcia*
      Juan C. Garcia (SBN 24045914)
      Daniel Johnson (SBN 24046165)
      William Mejia (SBN 24063786)
      Two Arena Place
      7324 Southwest Fwy, Suite 545
      Houston, Texas 77074
      Telephone: (832) 844-6700
      Facsimile:  (832) 844-6868
      E-mail:  daniel@johnsongarcialaw.com
      E-mail: juan@johnsongarcialaw.com
      E-mail: william@johnsongarcialaw.com
      ATTORNEYS FOR PLAINTIFFS

Copy from re:SearchTX

# EXHIBIT 2e

5/19/2021 9:47 AM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

## CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE** | § | |
| **OIL LLC,** | § | |
| *Defendants* | § | **143RD JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **FELIX ENERGY HOLDINGS II, LLC,** Defendant in the above-entitled and numbered cause, and for answer to Plaintiff's Original Petition on file herein, would respectfully show the Court the following, to-wit:

### I.

Except for such matters as may be admitted upon the trial of this cause, Defendant, **FELIX ENERGY HOLDINGS II, LLC**, denies each and every, all and singular the allegations contained in Plaintiff's pleadings, and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon hearing hereof that Plaintiff takes nothing by said suit, and that Defendant be discharged with its costs in this behalf expended.

---

*DEFENDANT'S ORIGINAL ANSWER* *Page 1*

Copy from re:SearchTX

Respectfully submitted,

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
T:  432.332.0893
F:  432.333.5002
E:  dharper@shaferfirm.com


By: */s/ Daniel J. Harper* _____
    **DANIEL J. HARPER**
    State Bar No. 24074363

**ATTORNEY FOR DEFENDANT**
**FELIX ENERGY HOLDINGS II, LLC**


## CERTIFICATE OF SERVICE

On the 19th day of April 2021, a true and correct copy of the above and foregoing instrument has been electronically served on:

Mr. Juan C. Garcia
Mr. Daniel Johnson
Mr. William Mejia
JOHNSON GARCIA LLP
daniel@johnsongarcialaw.com
juan@johnsongarcialaw.com
william@johnsongarcialaw.com
***Attorneys for Plaintiff***


*/s/ Daniel J. Harper*_____
**DANIEL J. HARPER**

---

*DEFENDANT'S ORIGINAL ANSWER*                                                                 *Page 2*

Copy from re:SearchTX

# EXHIBIT 2f

## CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE** | § | |
| **OIL LLC,** | § | |
| *Defendants* | § | **143RD JUDICIAL DISTRICT** |

## DEFENDANT FELIX ENERGY HOLDINGS II, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

On the 22nd day of April 2021, Defendant **FELIX ENERGY HOLDINGS II, LLC** ("**FELIX**") filed its Notice of Removal in the United States District Court for the Western District of Texas, Pecos Division. The Notice of Removal effects the removal, and the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d). The Notice of Removal is attached hereto as Exhibit 1.

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
T: (432) 332-0893
F: (432) 333-5002
E: dharper@shaferfirm.com

BY: */s/ Daniel J. Harper*
　　　**DANIEL J. HARPER**
　　　State Bar No. 24074363

**ATTORNEY FOR DEFENDANT**
**FELIX ENERGY HOLDINGS II, LLC**

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

On the 22nd day of April 2021, a true and correct copy of the above and foregoing instrument has been electronically served on:

Mr. Juan C. Garcia
JOHNSON GARCIA, LLP
Two Arena Place
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
juan@johnsongarcialaw.com
***Attorneys for Plaintiff***

*/s/ DANIEL J. HARPER*
**DANIEL J. HARPER**

Copy from re:SearchTX

Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

# EXHIBIT 1

Copy from re:SearchTX

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Alfredo Odar

## DEFENDANTS

Felix Energy Holdings II, LLC

**(b)** County of Residence of First Listed Plaintiff   Harris County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Denver County, CO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Juan C. Garcia, Johnson Garcia LLP
7324 SW Fwy., Suite 545
Houston, Texas  77074

Attorneys *(If Known)*
Daniel J. Harper, Shafer, Davis, O'Leary & Stoker
P. O. Drawer 1552
Odessa, Texas  79760-1552

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | | | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement Income Security Act | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* |
| | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1441(a) and 1446

Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   4/22/2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Copy from re:SearchTX

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Pecos           ☐▼  DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

143rd District Court, Reeves County, Texas; Cause No. 21-03-23887-CVR; Alfredo Odar v. Felix Energy Holdings II, LLC and Rocky Mountain Crude Oil LLC.

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Alfredo Odar                              3/12/2021
Party Name                               Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

1. Plaintiff Alfredo Odar; Juan C. Garcia, Johnson & Garcia, LLP, 7324 SW Fwy., Suite 545, Houston, Texas 77074; T: (832) 844-6700; Fax: (832) 844-6868;
2. Defendant Felix Energy Holdings II, LLC; Daniel J. Harper, Shafer, Davis, O'Leary & Stoker, P. O. Drawer 1552, Odessa, Texas 79760-1552; T: (432) 332-0893; Fax: (832) 333-5002;
3. Rocky Mountain Crude Oil, LLC; (No attorney at this time.)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None. Rocky Mountain Crude Oil, LLC has not answered but was served.

Copy from re:SearchTX

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

 None known.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 None.

**VERIFICATION**:

_____          2021-04-22

Attorney for Removing Party,                    Date

*Felix Energy Holdings II, LLC*

Party/Parties

(NOTE:  Additional comment space is available on page 3)

Copy from re:SearchTX

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO** . |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE** | § | |
| **OIL LLC,** | § | |
| *DEFENDANTS* | § | |
| | § | |

---

## DEFENDANT FELIX HOLDINGS II, LLC'S NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant **FELIX ENERGY HOLDINGS II, LLC** ("**Felix**") files this Notice of Removal and in support thereof shows the Court as follows:

## I.
## STATE COURT ACTION

1.      On or about March 12, 2021, Plaintiff **ALFREDO ODAR** ("Plaintiff" or "**ODAR**") sued Defendants **FELIX** and his employer, **ROCKY MOUNTAIN CRUDE OIL, LLC**, in the 143rd District Court of Reeves County, Texas, in Cause Number 21-03-23887-CVR, styled *Alfredo Odar v. Felix Energy Holdings II, LLC, and Rocky Mountain Crude Oil, LLC* (the "State Action"). Plaintiff alleges negligent activity claims and premises liability. Plaintiff seeks damages in excess of $75,000.00 as he alleges damages exceeding $1,000,000.00. **FELIX ENERGY HOLDINGS II, LLC** has been merged into a successor entity, WPX Energy Permian, LLC.  Both entities and their members are diverse and removal is proper.

---

Copy from re:SearchTX

2.     Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant **FELIX** removes this action to the United States District Court for the Western District of Texas, Pecos Division, which is the judicial district in which the action is pending.

## II.
## PROCEDURAL REQUIREMENTS

3.     The State Action is properly removed to this Court. The State Action is pending in the 143rd Judicial District Court of Reeves County, Texas. Reeves County, Texas is one of the counties within the Pecos Division for the Western District of Texas. 28 U.S.C. §§ 1441, 1446(a).

4.     Defendant timely removes the State Action because Defendant received notice of the State Action less than thirty days prior to the date of removal. Service of process on Defendant was received March 24, 2021. A true and correct copy of the First Amended Petition is attached as **Exhibit A**. Less than thirty days have passed since Defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

## III.
## BASIS FOR REMOVAL

5.     Removal is proper in this situation because **ALFREDO ODAR**'s causes of action against **FELIX ENERGY HOLDINGS II, LLC** invoke this Honorable Court's diversity jurisdiction and the amount in controversy exceeds $75,000.00. **ODAR** claims "monetary relief over $1,000,000" in paragraph 2 of his state court petition.

### A.     The Proper Parties are of Diverse Citizenship.

6.     Plaintiff is a citizen of Texas. Plaintiff's First Amended Petition alleges that his residential address and domicile are in Harris County, Texas. *See* **Exhibit A**. Defendant, **FELIX ENERGY HOLDINGS II, LLC** is a limited liability company organized under the state laws of Delaware. On June 1, 2020, **FELIX ENERGY HOLDINGS II, LLC** merged into WPX Energy

Copy from re:SearchTX

Permian, LLC.  WPX Energy Permian, LLC is a Delaware limited liability company with its principal place of business in Oklahoma. WPX Energy Inc. is the sole member of WPX Energy Permian, LLC.  WPX Energy, Inc. is a Delaware corporation with its principal place of business in Oklahoma.

7.      Defendant, **ROCKY MOUNTAIN CRUDE OIL, LLC**, is a limited liability company organized under the laws of Texas but is improperly joined.

8.      "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Likewise, "the citizenship of an LLC is determined by the citizenship of all of its members." *Id.* at 1080. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005).

9.      For the purpose of diversity, Defendant, **FELIX ENERGY HOLDINGS II, LLC** is a Delaware limited liability company.  Further its successor entity, WPX Energy Permian, LLC is a Delaware limited liability company with its principal place of business in Oklahoma with a Delaware corporation as its sole member.  Accordingly, there is diversity of citizenship between Plaintiff and **FELIX ENERGY HOLDINGS II, LLC**.

**B.      The Court Should Disregard the Citizenship of Defendant Rocky Mountain Crude Oil, LLC, Odar's employer, as it is Improperly Joined.**

10.     For the purposes of citizenship, **ROCKY MOUNTAIN CRUDE OIL, LLC**, Plaintiff's employer, has been improperly joined for the sole purpose of defeating diversity jurisdiction. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981). Courts have removal jurisdiction over cases in which an in-state Defendant has been fraudulently joined. *Rawls v. Old Republic Gen. Ins. Group, Inc.*, 489 F. Supp. 3d 646, 654 (S.D. Tex. 2020).

Copy from re:SearchTX

11.     To establish that an in-state Defendant has been fraudulently joined, the removing party must show either "that there is no possibility that the Plaintiff would be able to establish a cause of action against the in-state court; or that there has been outright fraud in the Plaintiff's pleading of jurisdictional facts." *B., Inc.*, 663 F.2d at 549. Here, Plaintiff's exclusive remedy against **ROCKY MOUNTAIN CRUDE OIL, LLC** is under a Workers' Compensation claim and there is no valid state court cause of action. *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 145 (Tex. 2003). Defendant **ROCKY MOUNTAIN CRUDE OIL, LLC**, has been fraudulently joined; therefore, this case is properly removed.

12.     Diversity is complete because Plaintiff is a Texas Citizen and Defendant **FELIX ENERGY HOLDINGS II, LLC** is not a citizen of Texas. Removal is proper under Section 1441(b)(2) because no Defendant is a citizen of Texas, the state in which Plaintiff brought the State Action. 27 U.S.C. §1441(b)(2).

**C.     <u>Amount in Controversy – Plaintiff seeks more than $1,000,000.</u>**

13.     The minimum amount in controversy requirement is met in this case. This case involves an amount in controversy that exceeds $75,000.00. See Ex. B. *See* 28 U.S.C. § 1332; *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("This [amount in controversy] requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 . . ."). Plaintiff alleges in paragraph 2 of his Petition that he "seeks monetary relief over $1,000,000."

14.     Based on the allegations in Plaintiff's petition, the amount in controversy exceeds $75,00.00. Because there is also complete diversity between the Defendants and Plaintiff, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and this Notice of Removal is proper and timely filed. *See* 28 U.S.C. §§ 1332(a), 1441, 1446.

Copy from re:SearchTX

## CONCLUSION

WHEREFORE, Defendant removes this action from the 143rd Judicial District Court of Reeves County, Texas, to the United States District Court for the Western District of Texas, Pecos Division, so that this Court may assume jurisdiction over the cause as provided by law.  Defendant prays for such other and further relief, in law and in equity, both general and specific, to which it may show itself to be justly entitled.

Respectfully submitted,

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
T: (432) 332-0893
F: (432) 333-5002
E: dharper@shaferfirm.com


BY: */S/ DANIEL J. HARPER*
      **DANIEL J. HARPER**
      State Bar No. 24074363

**ATTORNEY FOR DEFENDANT**
**FELIX ENERGY HOLDINGS II, LLC**

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

On the 22nd day of April 2021, a true and correct copy of the above and foregoing instrument has been served on:

Mr. Juan C. Garcia

JOHNSON GARCIA, LLP

Two Arena Place

7324 Southwest Fwy, Suite 545

Houston, Texas 77074

juan@johnsongarcialaw.com

***Attorneys for Plaintiff***

*/S/ DANIEL J. HARPER*

**DANIEL J. HARPER**

Copy from re:SearchTX

# EXHIBIT 2g

7/28/2021 12:10 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

## CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| **ALFREDO ODAR** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE OIL,** | § | |
| **LLC** | § | |
| *Defendants.* | § | **143RD JUDICIAL DISTRICT** |

## DEFENDANT ROCKY MOUNTAIN CRUDE OIL, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Rocky Mountain Crude Oil, LLC, Defendant herein, and file this its Original Answer to Plaintiff's First Amended Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's First Amended Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### INITIAL DISCLOSURE

Under Texas Rule of Procedure 194.2, Defendant requests that Plaintiff makes her initial disclosures, within thirty (30) days of the filing of Defendant's Original Answer, and provide information or material described in Rule 194.2(b) of the Texas Rules of Civil Procedure.

Copy from re:SearchTX

**IV.**
**NOTICE OF INTENT TO USE DOCUMENTS PRODUCED**
**PURSUANT TO RULE 193.7**

Defendant places Plaintiff on notice that pursuant to Texas Rule of Civil Procedure 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

**V.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by way of her cause of action herein, that Defendant recover its costs herein expended, and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:      /s/ David Sargent
         **DAVID L. SARGENT**
         State Bar No.: 17648700
         david.sargent@sargentlawtx.com
         **BRETT D. TIMMONS**
         State Bar No.: 24013637
         brett.timmons@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANT**
**ROCKY MOUNTAIN CRUDE OIL,**
**LLC**

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 28th day of July 2021, a true and correct copy of the

foregoing document was forwarded via E-File to Plaintiff's counsel of record:

> Juan C. Garcia
> Daniel Johnson
> William Mejia
> **JOHNSON GARCIA, LLP**
> Two Arena Place
> 7324 Southwest Freeway, Suite 545
> Houston, Texas 77074
> daniel@johnsongarcialaw.com
> juan@johnsongarcialaw.com
> william@johnsongarcialaw.com

> Daniel J. Harper
> **SHAFER, DAVIS, O'LEARY & STOKER**
> P.O. Drawer 1552
> Odessa, Texas 79760-1552
> dharper@shaferfirm.com

/s/ *David L. Sargent*_____
**DAVID L. SARGENT**

2115673  v.1
0185/01000

---

**DEFENDANT ROCKY MOUNTAIN CRUDE OIL, LLC'S ORIGINAL
ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**                              **PAGE 3**

Copy from re:SearchTX

# EXHIBIT 2h

CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| **ALFREDO ODAR** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE OIL,** | § | |
| **LLC** | § | |
| *Defendants.* | § | **143RD JUDICIAL DISTRICT** |

## ORDER GRANTING MOTION TO SUBSTITUTE COUNSEL

**ON THIS DAY**, came to be considered Defendant, Felix Energy Holdings II, LLC's Motion to Substitute Counsel. The Court, having considered the matter, is of the opinion that the motion has merit and should in all things be **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Felix Energy Holdings II, LLC's Motion to Substitute Counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that Daniel Harper and SHAFER, DAVIS, O'LEARY & STOKER at 700 N. Grant, Suite 201, P.O. Drawer 1552, Odessa, Texas 79760, be permitted to withdraw as attorney of record for Felix Energy Holdings II, LLC, and David L. Sargent, Brett Timmons and the law firm of SARGENT LAW, P.C., 1717 Main Street, Suite 4750, Dallas, Texas 75201-7346 be substituted in as new counsel of record for Felix Energy Holdings II, LLC in this cause.

**SIGNED** on this _____ day _____, 2021.

_____
**JUDGE PRESIDING**

Copy from re:SearchTX

# EXHIBIT 2i

9/9/2021 12:15 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

**CAUSE NO. 21-03-23887-CVR**

| | | |
|---|---|---|
| **ALFREDO ODAR** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE OIL,** | § | |
| **LLC** | § | |
| *Defendants.* | § | **143ʳᵈ JUDICIAL DISTRICT** |

<u>**DEFENDANT'S MOTION TO SUBSTITUTE COUNSEL**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW**, Defendant Felix Energy Holdings II, LLC (Defendant herein) and files this its Motion to Substitute Counsel and requests that Daniel J. Harper of the law firm of SHAFER, DAVIS, O'LEARY & STOKER be allowed to withdraw herein as the Attorney of Record for Felix Energy Holdings II, LLC, in this case, and for the new attorney identified below to be substituted as counsel for Felix Energy Holdings II, LLC:

> DAVID L. SARGENT
> State Bar No. 17648700
> BRETT D. TIMMONS
> State Bar No. 24013637
> **SARGENT LAW, P.C.**
> 1717 Main Street, Suite 4750
> Dallas, Texas  75201-7346
> (214) 749-6516 – Telephone
> (214) 749-6316 – Facsimile
> E-Mail: david.sargent@sargentlawtx.com
> E-Mail: brett.timmons@sargentlawtx.com

 This Motion is not sought for the purpose of delay.  Defendant, Felix Energy Holdings II, LLC approves of this substitution of counsel and requests the Court to order same.

 **WHEREFORE, PREMISES CONSIDERED,** Defendant Felix Energy Holdings II, LLC prays that this Motion to Substitute Counsel be granted and that the Court enter an order permitting

---

Copy from re:SearchTX

Daniel Harper of the law firm of SHAFER, DAVIS, O'LEARY & STOKER to withdraw as attorney of record for Felix Energy Holdings II, LLC and substituting David Sargent and Brett Timmons with the law firm of SARGENT LAW, P.C., as attorney of record for Felix Energy Holdings II, LLC in this cause.

Respectfully submitted,

By:     /s/ David Sargent
        **DAVID L. SARGENT**
        State Bar No. 17648700
        david.sargent@sargentlawtx.com
        **BRETT D. TIMMONS**
        State Bar No. 24013637
        brett.timmons@sargentlawtx.com

        1717 Main Street, Suite 4750
        Dallas, Texas 75201-7346
        Telephone: (214) 749-6000
        Facsimile: (214) 749-6100

        **ATTORNEYS FOR DEFENDANT**

        *-AND-*

By:     /s/ Daniel J. Harper  (with permission)
        **DANIEL J. HARPER**
        State Bar No. 24074363
        dharper@shaferfirm.com

        **SHAFER, DAVIS, O'LEARY & STOKER**
        700 N. Grant, Suite 201 (79761)
        P.O. Drawer 1552
        Odessa, Texas 79760-1552
        (432) 332-0893 – Telephone
        (432) 333-5002 – Facsimile

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 9TH day of September 2021, a true and correct copy

of the foregoing document was forwarded via ECF to Plaintiff's counsel of record:

> Juan C. Garcia
> Daniel Johnson
> William Mejia
> **JOHNSON GARCIA, LLP**
> Two Arena Place
> 7324 Southwest Freeway, Suite 545
> Houston, Texas 77074
> daniel@johnsongarcialaw.com
> juan@johnsongarcialaw.com
> william@johnsongarcialaw.com

> Daniel J. Harper
> **SHAFER, DAVIS, O'LEARY & STOKER**
> P.O. Drawer 1552
> Odessa, Texas 79760-1552
> dharper@shaferfirm.com

> _/s/ David L. Sargent_
> **DAVID L. SARGENT**

Copy from re:SearchTX

# EXHIBIT 2j

## CAUSE NO. 21-03-23887-CVR

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **REEVES COUNTY, TEXAS** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **AND ROCKY MOUNTAIN CRUDE** | § | |
| **OIL, LLC** | § | |
| *Defendants.* | § | **143rd JUDICIAL DISTRICT** |

### PLAINTIFF'S NOTICE OF FILING MEDICAL AND BILLING AFFIDAVITS

TO:    Defendants Felix Energy Holdings II, LLC and Rocky Mountain Crude Oil, LLC, by and through their attorneys of record, David L. Sargent and Brett D. Timmons, Sargent Law, P.C., 1717 Main Street, Suite 4750, Dallas, Texas 75201.

Plaintiff files this notice of medical and billing records affidavits in compliance with §18.001,

*Texas Civil Practice and Remedies Code* and Rule 902(10), Rule 803(6) and 803(7), Texas Rules

of Evidence, to wit:

*Alfredo Odar*

- Affidavit of Kitty Schrecengost, Medical Records Custodian for Reeves County Hospital; *(NOFA_ODAR_00001-00008)*

- Affidavit of Naomi Matta, Medical Billing Records Custodian for Reeves County Hospital ($549.00); *(NOFA_ODAR_00009-00017)*

- Affidavit of Aracely Garcia, Medical Records Custodian for Radwan Al-Sabbagh MD; *(NOFA_ODAR_00018-00027)*

- Affidavit of Aracely Garcia, Medical Billing Records Custodian for Radwan Al-Sabbagh MD ($2,875.00); *(NOFA_ODAR_00028-00033)*

Copy from re:SearchTX

- Affidavit of Romelia Rodriguez, Medical Records Custodian for Pecos Valley Rural Health Clinic; *(NOFA_ODAR_00034-00065)*

- Affidavit of Naomi Matta, Medical Billing Records Custodian for Pecos Valley Rural Health Clinic ($187.00); *(NOFA_ODAR_00066-00074)*

- Affidavit of Ana Marrero, Medical Records Custodian for Northeast Urgent Care; *(NOFA_ODAR_00075-00078)*

- Affidavit of Ana Marrero, Medical Billing Records Custodian for Northeast Urgent Care ($359.00); *(NOFA_ODAR_00079-00080)*

- Affidavit of Emily Tran, Medical Records Custodian for Memorial Hermann Surgery Center In Memorial Village; *(NOFA_ODAR_00081-00129)*

- Affidavit of Emily Tran, Medical Billing Records Custodian for Memorial Hermann Surgery Center In Memorial Village ($4,185.00); *(NOFA_ODAR_00130-00131)*

- Affidavit of Ana Marrero, Medical Records Custodian for Lonestar Spine and Injury Center; *(NOFA_ODAR_00132-00134)*

- Affidavit of Ana Marrero, Medical Billing Records Custodian for Lonestar Spine and Injury Center ($1,276.00); *(NOFA_ODAR_00135-00136)*

- Affidavit of Usha Chavda, Medical Records Custodian for Jay Chavda MD PA; *(NOFA_ODAR_00137-00150)*

- Affidavit of Usha Chavda, Medical Billing Records Custodian for Jay Chavda MD PA ($460.00); *(NOFA_ODAR_00151-00153)*

- Affidavit of Sandra Hernandez, Medical Billing Records Custodian for Houston Premier Injury and Rehab ($6,410.00); *(NOFA_ODAR_00154-00157)*

Copy from re:SearchTX

- Affidavit of Sandra Hernandez, Medical Records Custodian for Houston Premier Injury and Rehab; *(NOFA_ODAR_00158-00188)*

- Affidavit of Justin Martinez, Medical Records Custodian for Galleria MRI; *(NOFA_ODAR_00189-00191)*

- Affidavit of Kristen Thompson, Medical Billing Records Custodian for Galleria MRI ($500.00); *(NOFA_ODAR_00192-00193)*

- Affidavit of Ana Marrero, Medical Records Custodian for Eye Wellness Plus; *(NOFA_ODAR_00194-00211)*

- Affidavit of Ana Marrero, Medical Billing Records Custodian for Eye Wellness Plus ($20,893.98); *(NOFA_ODAR_00212-00217)*

- Affidavit of Virginia Echeverria, Medical Records Custodian for EMG Center of Houston; *(NOFA_ODAR_00218-00240)*

- Affidavit of Virginia Echeverria, Medical Billing Records Custodian for EMG Center of Houston ($9,975.00); *(NOFA_ODAR_00241-00252)*

- Affidavit of Sandra Hernandez, Medical Billing Records Custodian for Elite Radiology ($3,300.00); *(NOFA_ODAR_00253-00254)*

- Affidavit of Sandra Hernandez, Medical Records Custodian for Elite Radiology; *(NOFA_ODAR_00255-00257)*

- Affidavit of Mercedes Delgado, Medical Records Custodian for Advanced Pain & Headache Medical Clinic; *(NOFA_ODAR_00258-00269)*

- Affidavit of Mercedes Delgado, Medical Billing Records Custodian for Advanced Pain & Headache Medical Clinic ($20,451.00); *(NOFA_ODAR_00270-00275)*

Copy from re:SearchTX

■ Affidavit of Kelly Heuer, Medical Billing Records Custodian for Virtual Radiologic

($0.00); *(NOFA_ODAR_00276-00277)*

Plaintiff intends to offer the records from the above-referenced facilities into evidence at

the trial of this case. It is further Plaintiff's intent to offer these records pursuant to **§**18.001,

*Texas Civil Practice and Remedies Code* and applicable *Texas Rules of Evidence.* These records

along with the attached affidavits have previously been served upon opposing counsel on August

19, 2021, and September 27, 2021.

Respectfully submitted,

**JOHNSON GARCIA LLP**

By:   */s/ Juan C. Garcia*
    Juan C. Garcia (SBN 24045914)
    Daniel Johnson (SBN 24046165)
    William Mejia (SBN 24063786)
    Two Arena Place
    7324 Southwest Fwy, Suite 545
    Houston, Texas 77074
    Telephone: (832) 844-6700
    Facsimile:  (832) 844-6868
    E-mail: juan@johnsongarcialaw.com
    E-mail:  daniel@johnsongarcialaw.com
    E-mail: william@johnsongarcialaw.com
    **ATTORNEYS FOR PLAINTIFFS**

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents have been sent by in accordance with the Texas Rules of Civil Procedure on this 27th day of September 2021.

**Via E- File Texas**
David L. Sargent
Brett D. Timmons
1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100
Email: david.sargent@sargentlawtx.com
Email: brett.timmons@sargentlawtx.com
**ATTORNEYS FOR DEFENDANT ROCKY
MOUNTAIN CRUDE OIL, LLC AND FELIX
ENERGY HOLDINGS II, LLC**

JOHNSON GARCIA LLP

By:  */s/ Juan C. Garcia*
     Juan C. Garcia (SBN 24045914)

Copy from re:SearchTX