**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:21-CV-00079-DC-DF** |
| | § | |
| **FELIX ENERGY HOLDINGS II LLC, and** | § | |
| **ROCKY MOUNTAIN CRUDE OIL, LLC,** | § | |
| *Defendants.* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Plaintiff Alfredo Odar's ("Plaintiff") Motion for Remand (hereafter, "Motion to Remand") (Doc. 9). This case is before the U.S. Magistrate Judge by a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. (Doc. 9).

### I. BACKGROUND

This case's genesis is Plaintiff's employment with Defendant Rocky Mountain Crude Oil, LLC ("RMCO"). On March 26, 2019, Plaintiff claims he was employed with RMCO at a site in Reeves County, Texas. (Doc. 1-2 at 16). Plaintiff alleges he was working as a "tanker truck driver" for RMCO and offloading crude oil from said tanker to a depository pump allegedly owned, operated, and controlled by Defendant Felix Energy Holdings II, LLC ("Felix"). *Id.* Plaintiff alleges that, while he was offloading oil via hoses, the depository pump "shut down," causing a "buildup of pressure in the hose" and leading to its eventual bursting. *Id.* at 18. According to Plaintiff, the burst hose struck his face and sprayed crude oil on him, causing him injuries and pain. *Id.* Plaintiff now

1

asserts negligence claims against RMCO and Felix, as well as a premises liability claim against Felix.

On March 12, 2021, Plaintiff filed his live First Amended Petition (hereafter, "Complaint") against RMCO and Felix under Cause No. 21-03-23887-CVR, *Alfredo Odar v. Felix Energy Holdings II, LLC, et al.*, in the 143rd District Court of Reeves County, Texas. (Doc. 1-2 at 16). On April 22, 2021, Felix filed its first Notice of Removal (hereafter, "First Notice of Removal") with this Court under case style *Alfredo Odar v. Felix Energy Holdings II, LLC, et al. (Odar I)*, No. 4:21-CV-00027-DC (W.D. Tex. Apr. 22, 2021) (ECF No. 1), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), premised upon RMCO's purported fraudulent joinder due to a state law immunity from suit. (Doc. 1-2 at 35–36). On May 20, 2021, Plaintiff filed a motion to remand (hereafter, "Original Motion") in the prior removed case, asserting that RMCO appeared to be properly joined. *See Odar I* (ECF No. 3). On June 15, 2021, Felix filed a Notice of Non-Opposition to Remand (hereafter, "Non-Opposition Notice"), arguing that RMCO "has not answered or appeared before this Court," or the state court action prior to removal, and attached an agreed order granting Plaintiff's First Motion to Remand. (*See* Doc. 9-2 at 2–3). The Court entered an Order Granting Motion for Remand (hereafter, "Remanding Order") on June 23, 2021. *Odar I* (ECF No. 5 at 1).

On October 22, 2021, Felix filed another Notice of Removal (hereafter, "Second Notice of Removal") with this Court, effectively removing the state court case to federal court for a second time. (Doc. 1). Felix argues that removal is now timely, and that complete diversity exists because, as it alleges it can now prove based upon a Certificate of Liability Insurance (hereafter, "Insurance Document"), RMCO was fraudulently joined. *See id.* Plaintiff submitted his Motion to Remand in the instant case on November 4, 2021, claiming that a second remand is appropriate for the following reasons: (1) Felix waived federal court jurisdiction by consenting to the Original Motion and is now judicially estopped removing again; (2) Felix's Second Notice of Removal is based upon the same grounds as the First Notice of Removal; (3) even if it were not, RMCO's Insurance Document does

2

not constitute "other paper" or is untimely. (Doc. 9). Plaintiff also requests attorney's fees for the second removal. *See id.* at 10–11. Felix filed a Response on November 17, 2021, to which Plaintiff produced a Reply on November 24, 2021. Accordingly, this matter is ripe for disposition.

It is undisputed that RMCO and Plaintiff both possess Texas citizenship, and that Felix is otherwise a diverse defendant. (*See* Docs. 9, 10). The following issues are thus presented for the Court's consideration: (1) Does an unopposed order for remand constitute an adjudication on the merits of the underlying motion to remand? (2) Does a certificate of liability insurance constitute an "other paper" pursuant to 28 U.S.C. § 1446(b)? (3) If so, does co-representation of two defendants, one of which has been fraudulently joined, by the same counsel commence the thirty-day "other paper" secondary removal timeframe?

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by [the] Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). A defendant may remove a state-court civil action to a federal district court if the latter has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt.*, 739 F.3d at 258–59. "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between. . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Once the case is removed, the district court must, however, remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of proving by preponderance of evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Significantly, the jurisdictional facts must be judged as of the time of removal of the state court case to federal court. *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).

### III. DISCUSSION

#### 1)  *Judicial Estoppel/Res Judicata*

Plaintiff's first argument for remand is that Felix is judicially estopped from removing the case to federal court for a second time because Felix consented to the first remand, and does not here propose any new factual basis for the instant removal. (*See* Doc. 9). Plaintiff's argument thus rests primarily upon two facts, both of which are undisputed: (1) Felix withdrew its opposition to the remand in *Odar I*, and (2) Felix's argument that removal is proper based upon RMCO's improper joinder is identical in this case to the one propounded in *Odar I*. The first issue concerning the agreed remand has not been addressed by any Fifth Circuit court, but its resolution against Felix would be dispositive of this case at this stage, warranting remand. Therefore, the Court is presented with a novel issue of significant importance: Does an order, without any substantive analysis, entered upon an unopposed motion to remand constitute an adjudication of those facts?

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action filed in state court to federal court where the federal court has original jurisdiction. 28 U.S.C. § 1441(a). One such form of original jurisdiction is diversity jurisdiction, which requires an amount in controversy over $75,000.00 and all parties to be "citizens of different States," known as complete diversity. 28 U.S.C. § 1332(a)(1). Assuming at this analytical juncture that the original removal in

*Odar I* was timely,[1] the United States Court of Appeals for the Fifth Circuit has authorized subsequent removals after a case has been remanded back to state court so long as the second removal is not sought "on the same ground." *Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 U.S. Dist. LEXIS 161477, at *4, 2019 WL 4597574, at *2 (N.D. Tex. Sept. 20, 2019) (citing *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). The prohibition against removal "'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *S.W.S. Erectors*, 72 F.3d at 492.

Courts must nevertheless be careful to avoid the indirect appeal or ostensible reconsideration of a prior remand order in a second removal attempt. *See Ashford v. Aeroframe Servs.*, No. 19-cv-610, 2020 U.S. Dist. LEXIS 223196, at *26, 2020 WL 6948088, at *9 (W.D. La. May 29, 2020), *report and recommendation adopted*, No. 2:19-cv-610, 2020 U.S. Dist. LEXIS 222350, 2020 WL 6947844 (W.D. La. July 2, 2020). The removal statute prescribes that a remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Thus, the second removal must be upon a different factual basis than the first order, one "not . . . adjudicated with the [original] remand order," in order to not be barred by res judicata. *Green v. R.J. Reynolds Tobacco Co.*, No. H-99-2579, 2000 U.S. Dist. LEXIS 16293, at *30, 2000 WL 33993335, at *9 (S.D. Tex. Aug. 16, 2000) (quoting *S.W.S. Erectors*, 72 F.3d at 493), *aff'd*, 274 F.3d 263 (5th Cir. 2001). If the factual basis in the second removal was "not deemed adjudicated" in the prior remand order, the subsequent removal, if timely, is proper. *See Winfield v. Quiktrip Corp.*, No. 3:19-CV-2652-B, 2019 U.S. Dist. LEXIS 218803, at *8, 2019 WL 7037588, at *3 (N.D. Tex. Dec. 20, 2019) (quoting *S.W.S. Erectors*, 72 F.3d at 493).

In this case, the undersigned holds that the instant removal presents a set of facts not

---

1. That the instant secondary removal was untimely is an issue raised by Plaintiff. (Doc. 9 at 9–10). Due to the conceptual complexity of the issues presented, the undersigned will assume *arguendo* that removal was timely for the purpose of evaluating the judicial estoppel/res judicata arguments. Whether the second removal was actually timely will be discussed in a later section.

previously adjudicated in the Court's prior remand order. In *Odar I*, Felix had asserted diversity jurisdiction in its first removal, even though RMCO's undisputed Texas citizenship would ordinarily preclude complete diversity, upon the theory that RMCO was improperly joined. *Odar I* (ECF No. 1 at 3–4). Specifically, Felix had asserted that Plaintiff's "exclusive remedy against [RMCO]" was "under a Workers' Compensation claim," thereby precluding the state court cause of action and mandating its dismissal from the lawsuit. *Id.* at 4. In *Odar I*, Plaintiff moved for remand, insisting that Felix failed to exclaim that the parties were diverse, and that Felix "provide[d] absolutely no support or evidence to establish th[e] proposition" that RMCO was rendered immune from suit based upon the availability to Plaintiff of workers' compensation. *Odar I* (ECF No. 3 at 5–6). Felix, instead of putting forth a formidable defense to its removal, filed its Non-Opposition Notice, citing RMCO's non-appearance in both the state court action and in this Court post-removal, and requesting that the Court "enter an agreed order" for remand back to the state court. *Odar I* (ECF No. 4 at 1). On June 23, 2021, the Court entered its Remanding Order, referencing the Plaintiff's first motion to remand and Felix's Non-Opposition Notice. *Odar I* (ECF No. 5 at 1). The Remanding Order notably offered no legal standard, analysis, or factual background, and simply ordering that Plaintiff's Original Motion be granted. *See id.*

As described above, the pertinent question at this juncture is whether Felix's first ground for removal—RMCO's fraudulent joinder based upon workers' compensation immunity—was deemed adjudicated in *Odar I*. In the negative does the undersigned answer this question. The instant Second Notice of Removal indubitably features the same assertions as to complete diversity for federal diversity jurisdiction. (Doc. 1 at 3–5). Specifically, Felix argues that this Court has diversity jurisdiction over the case, and that RMCO, the only obstacle to the initial removal, was fraudulently joined. *Id.* There is no reconsideration of the remand order in *Odar I*, since the *Odar I* Remanding Order did not consider any facts, legal standards, or analysis. *See Brown v. Protective Ins. Co.*, No. 20-638, 2020 U.S. Dist. LEXIS 80415, at *19, 2020 WL 2215388, at *7 (E.D. La. May 6, 2020)

(finding defendants' secondary removal a "mere request[] that the [c]ourt reconsider its prior remand Order" in which the court there had definitively found that "the amount in controversy was not satisfied in the first removal proceedings"); *see also Leininger v. Marriott Int'l Inc.*, No. SA-21-CV-01160-JKP, 2022 U.S. Dist. LEXIS 11098, at *12, 2022 WL 199272, at *4 (W.D. Tex. Jan. 21, 2022) (preventing "an attempt to correct [the defendant's] previous errors" due to the fact that the presiding judge previously "analyzed the[] same arguments and speculative information in the first removal").

While the Court was perhaps not required in *Odar I* to make a detailed, analytical finding on the merits of Plaintiff's Original Motion due to the unopposed nature of the motion following Felix's Non-Opposition Notice, it is but a specious futility to consider the Remanding Order, which is comprised of half a page of substantive text and devoid of any factual or legal analysis, as having adjudicated *any* factual basis of the First Notice of Removal. Felix's use of the word "agreed" in the proposed order attached to its Non-Opposition Notice is insufficient to transform *Court's* Remanding Order into one which substantively drew conclusions regarding the merits of the first removal attempt. (*See* Doc. 9 at 6); *Odar I* (ECF 4-1 at 1). The undersigned therefore finds that the Court's inevitable adjudication—along with this Report and Recommendation—of the existence of diversity jurisdiction over this case will be truly maiden.[2] Accordingly, the undersigned **RECOMMENDS**

---

2. If the Court finds that the Remanding Order did indeed constitute an adjudication of the facts supporting the First Notice of Removal, the undersigned still holds that the instant Second Notice of Removal is proper. While, as explained below, Felix claims the Insurance Document does definitively and indisputably support its claim that RMCO is improperly joined, the undersigned recognizes that, generally, a new piece of evidence cannot support a factual basis which has been previously adjudicated. *See Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 U.S. Dist. LEXIS 161477, at *9–*10, 2019 WL 4597574, at *3–*4 (N.D. Tex. Sept. 20, 2019) (finding that the presentation of new evidence to buttress the same factual basis indicates the defendant "has not asserted a different ground or reason for removal" and constitutes an impermissible appeal of the prior remand order). Furthermore, it is well-established that a defendant cannot present as supporting evidence that which was available at the time of the first removal. *See Leininger*, 2022 U.S. Dist. LEXIS 11098, at *12, 2022 WL 199272, at *4 (noting the "liberal allowance of subsequent removals does not allow for multiple attempts to obtain evidence it could have presented previously"). In particular, the Insurance Document consists of information which Felix did not possess and therefore could not present prior to the Court's Remanding Order. Plaintiff has not controverted otherwise. Accordingly, if the Court finds that the Remanding Order constituted an initial adjudication of the First Notice of Removal's factual basis, the Court should still find that the existence of the Insurance Document, acquired only after the first attempt at removal failed, represents a new factual basis for the Second Notice of Removal.

that the Motion to Remand be **DENIED** on this ground. (Doc. 9).

 *2) Timeliness of Removal*

Having decided that the Remanding Order did not adjudicate any factual basis for Felix's first attempt at removal with the First Notice of Removal, and accordingly does not preclude a second removal as a matter of law, the undersigned turns to the timeliness issue presented by Plaintiff. Plaintiff maintains that RMCO's Insurance Document does not constitute "other paper" under the removal statute, and therefore, Felix's second removal is untimely. (Doc. 9 at 9–10). Plaintiff also insists that even if RMCO's Insurance Document could be considered "other paper" under the removal statute, Felix would be unable to utilize it to justify a second removal since it was produced by RMCO, a co-Defendant of Felix, and not by an act of Plaintiff. *Id.* Furthermore, even if a co-Defendant's acts could justify removal, because at one point Felix's counsel was also the counsel for RMCO, the production of the Insurance Document would count as Felix's own act, thereby precluding secondary removal. *Id.* In any event, neither party disputes that, if RMCO, the Texas Defendant, were never a part of this case, this Court would have original diversity jurisdiction under 28 U.S.C. § 1332(a).

 *a.   Other Paper*

There are two categories into which removal cases typically fall: "amount disputes" and "timeliness disputes." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). This case involves a timeliness dispute, which "occurs when the defendant did not remove within thirty days after receipt of the initial pleadings under § 1446(b)'s first paragraph [concerning the general removal timeframe], but instead removed under the second paragraph, within thirty days of receiving some . . . other paper." *Id.*; *see also Napier v. Humana Marketpoint, Inc.*, 826 F. Supp. 2d 984, 986–87 (N.D. Tex. 2011) (describing the "two procedural postures"). The Fifth Circuit follows a "liberal allowance of subsequent removals." *Leininger*, 2022 U.S. Dist. LEXIS 11098, at *12, 2022 WL 199272, at *4. Other courts have stated the policy perhaps most explicitly, that "the only effect of

adopting an absolute one-bite rule would be to encourage plaintiffs to be coy." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (Easterbrook, J.).

Generally, to timely remove a case, a defendant must file a notice of removal within thirty days after the receipt of the initial pleading. *Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 U.S. Dist. LEXIS 161477, at *4, 2019 WL 4597574, at *2 (N.D. Tex. Sept. 20, 2019) (citing 28 U.S.C. § 1446(b)(1)). The removal must be nevertheless filed within one year after commencement of the state court action.[3] 28 U.S.C. 1446(c)(1). The removal statute further provides that,

> if the case *stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an . . . *other paper from which it may first be ascertained* that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Thus, the existence of an "other paper" received by the defendant can allow for removal if the state court action to federal court if made within thirty days. In effect, the originally nonremovable lawsuit becomes removable if a sufficient "other paper" presents itself, from which jurisdiction "is 'unequivocally clear and certain' from the document." *Bradley v. Wal-Mart Stores*, No. 21-498-BAJ-RLB, -- F. Supp. 3d -- , 2021 U.S. Dist. LEXIS 251898, at *8, 2021 WL 6751667, at *3 (M.D. La. Nov. 18, 2021) (quoting *Boskey v. Kroger Tex., LP*, 288 F.3d 208, 2011 (5th Cir. 2002)), *report and recommendation adopted*, No. 21-00498-BAJ-RLB, 2022 U.S. Dist. LEXIS 15982, 2022 WL 264541 (M.D. La. Jan. 27, 2022). This "other paper" does not need to be filed in the state court proceedings to provide a defendant the ability to remove the lawsuit. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). Merely, once an such "other paper" is received by the defendant, the thirty-day removal clock commences, and "a notice of removal must be filed within thirty days of the defendant's receipt" of this document. *Allen*

---

3. Plaintiff's live Complaint in state court, the same petition which was the subject of the initial removal to this Court in the First Notice of Removal, was filed on March 12, 2021. (Doc. 1-2). The active Second Notice of Removal was filed on October 22, 2021, well within a year of the filing of the Complaint. Therefore, the only issue of timeliness refers to the thirty-day timeframe for an "other paper" removal. (*See generally* Doc. 9).

*v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 693–94 (S.D. Miss. 2020) (citing *Mumfrey*, 719 F.3d at 397, 398).

Essentially, § 1446(b) "provides a two-step test for determining whether a defendant timely removed a case." *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)). If the case initial pleaded is removable, the defendant must file a notice of removal within thirty days of the receipt of the initial pleading; if not, the defendant must file a notice removal within thirty days from the receipt of an other paper "from which the defendant can ascertain that the case is removable." *Id.*

"Other paper" initially was found by the Fifth Circuit to only include those documents produced by a voluntary act of the plaintiff. *See Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 524 (5th Cir. 1961) (observing that "such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff"); *see also Nanez v. Sanchez*, No. SA-08-CA-485-FB, 2009 U.S. Dist. LEXIS 135929, at *11, 2009 WL 10669600, at *4 (W.D. Tex. Feb. 13, 2009) (finding procedural defects as to removal on the basis that "both items of new evidence were generated by defendants"), *report and recommendation adopted*, No. SA-08-CA-485-FB, 2009 U.S. Dist. LEXIS 135922, 2009 WL 10669788 (W.D. Tex. Mar. 6, 2009) . In *S.W.S. Erectors*, however, the Fifth Circuit refined its understanding of the "other paper" trigger, allowing the *defendant* to submit a deposition of the plaintiff's president to constitute a "new paper or event that changed the facts regarding the removableness of the case. "*See S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Since *S.W.S Erectors*, district courts have found that other acts or events not predicated upon the plaintiff's voluntary act can constitute an "other paper." *See, e.g.*, *Green v. R.J. Reynolds Tobacco Co.*, No. H-99-2579, 2000 U.S. Dist. LEXIS 16293, at *32–*34, 2000 WL 33993335, at *9–*10 (S.D. Tex. Aug. 16, 2000) (rejecting the argument that Fifth Circuit precedent could not constitute a new factual basis), *aff'd*, 274 F.3d 263 (5th Cir. 2001). This "judge-made exception" to the removability requirements under §§ 1441 and 1446 is known as the "voluntary-

involuntary rule." *Scout 5 Props., LLC v. Acadia Ins. Co.*, No. 2:21-cv-00231-JRG-RSP, 2021 U.S. Dist. LEXIS 209860, at *3–*4, 2021 WL 5051564, at *2 (E.D. Tex. Oct. 31, 2021).

Here, the undersigned finds that the Insurance Document constitutes an "other paper" sufficient to trigger the thirty-day removal timeframe. It is a settled rule that a defendant is unable to self-generate the evidence necessary to prompt a subsequent removal. *See Nanez*, 2009 U.S. Dist. LEXIS 135929, at *11, 2009 WL 10669600, at *4. The conduct of a co-Defendant may be able to activate the thirty-day "other paper" removability trigger, though this issue has not been addressed explicitly by the Fifth Circuit. *See Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993) (finding a co-defendant's answer to trigger the thirty-day "other paper" removal countdown). Conscious of this predicament, the undersigned also holds that an important and distinguishing fact is that RMCO, Felix's co-Defendant, itself did not participate in the removal of this case, either for the First Notice of Removal or the Second Notice of Removal. (*See* Doc. 1); *see also Odar I* (ECF No. 1). It has been Felix's own volition each time; RMCO more or less is a bystander Defendant who possesses workers' compensation insurance. Furthermore, the Insurance Document itself appears to have been produced by Acord Corporation, and is not a documented generated by either RMCO or Felix. (*See* Doc. 10-2). While this distinction has not been addressed by any Fifth Circuit court, the undersigned believes it appropriately aligns with the policy of both the Fifth Circuit itself and 28 U.S.C. § 1446 to exercise a liberal perspective towards permitting subsequent removals. Being the removing party, but not the party who created or generated the evidence tipping the scales in this case in favor of removability, the undersigned finds that Felix is not precluded by the voluntary-involuntary rule.

Specifically that RMCO non-appearance in the state court case prior to the First Notice of Removal, Felix has argued that it only uncovered the previously illusory Insurance Document after the Remanding Order was released. (Doc. 1 at 3 (received on October 8, 2021)). Plaintiff has asserted that Felix was aware of the document due to the sharing of counsel between Felix and RMCO. (Doc.

9 at 3, 4). In particular, Plaintiff correctly notes that Felix and RMCO, while not initially represented by the same counsel, began to share the same counsel on September 15, 2021, per an order of the state court, nearly five weeks prior to the filing of the Second Notice of Removal on October 22, 2021. (Docs. 1-2 at 45–48; 9 at 3, 4, 10 n.1).

The undersigned is left unconvinced by Plaintiff's cries. Judging by the fact that, if Felix possessed the document which would have supported its original claim of federal diversity jurisdiction under the First Notice of Removal at any time before Felix's Non-Opposition Notice or the Remanding Order were released, Felix would have no practical reason to withhold its production, the most likely inference is that Felix did not possess said document before *Odar I* was remanded. *See Paxton v. Kirk Key Interlock Co.*, No. 08-583-D-M2, 2008 U.S. Dist. LEXIS 110623, at *21– *22, 2008 WL 4977299, at *4 (M.D. La. Oct. 21, 2008) (finding that a case was "not removable" until the removing party possessed an "inability to prove" the ground for removal as to the non-removing defendant), *report and recommendation adopted in part*, No. 08-583-JJB, 2008 U.S. Dist. LEXIS 97409, 2008 WL 5043428 (M.D. La. Nov. 21, 2008); *but see Nexbank, SSB v. BAC Home Loan Servicing, LP*, No. 3:11-CV-00279-L, 2011 U.S. Dist. LEXIS 125897, at *14, 2011 WL 5182118, at *5 (N.D. Tex. Oct. 28, 2011) (holding against a later removal countdown trigger where "Defendants have not shown that the facts supporting this new argument were discovered since this case was last remanded").

Plaintiff has not demonstrated that Felix's counsel was definitively aware of the Insurance Document before September 22, 2021, or cited any case law indicating that the substitution of counsel automatically imputes all information to the new counsel that prior counsel possessed about a given client or case. The Second Notice of Removal came thirty-seven days after Felix's current counsel was substituted; for Felix's second removal to have been timely on October 22, 2021, Felix's counsel must have acquired the information concerning the Insurance Document on September 22, 2021. The one-week gap between September 15, 2021—the date of substitution—and September 22,

2021, surely is reasonable to allow for Felix's current counsel to adjust and consider the available information, thereby starting the timer on September 22, 2021. Further, if Felix's assertion of an October 8, 2021, date of receipt for the Insurance Document is to be believed, Felix's Second Notice of Removal is irrefutably timely. Additionally, because RMCO did not make an appearance either in the initial state court proceedings or in this Court in *Odar I* before the dreaded Remanding Order remanded the case, certainly Felix's acquisition of the Insurance Document would have been strenuous at best without any established contact with RMCO's counsel.

From a holistic perspective, Felix's Non-Opposition Notice was an apparent mastermind maneuver: before the Court could, theoretically, rule on the merits of the Original Motion, Felix, realizing it did not possess the evidence necessary to definitively persuade the Court to retain its case, decided to withdraw its opposition to the Original Motion. Fortunately for Felix, and as the Court could be expected to do given the agreed status of the Original Motion, the Court produced a laconic, abridged order which implicitly deemed adjudication of the merits of the motion unnecessary. Now, having come forth with substantial evidence undisputed even by Plaintiff himself, Felix faces a Seventh Coalition-type return. At this point in the case, however, Felix has arrived at the removal battle equipped with one more fact—that of the Insurance Document—to overwhelm Plaintiff.[4] *See Ashford v. Aeroframe Servs.*, No. 19-cv-610, 2020 U.S. Dist. LEXIS 223196, at *29, 2020 WL 6948088, at *10 (W.D. La. May 29, 2020) ("[L]ike the defendants in *S.W.S.* . . . , [defendant] now possesses more facts to support its claims."), *report and recommendation adopted*, No. 2:19-cv-610, 2020 U.S. Dist. LEXIS 222350, 2020 WL 6947844 (W.D. La. July 2, 2020).. Plaintiff additionally cites no support for the proposition that Felix was required to make "reservations" in Felix's Non-Opposition Notice. (Docs. 9 at 5, 6, 11; 11 at 2, 3). In this universe, it is Plaintiff instead who must

---

4. The undersigned will detail below precisely how the Insurance Document transforms this case into one which is removable for a second time under diversity jurisdiction.

hold a white flag over removal Waterloo.[5] Therefore, Felix's subsequent removal as proposed by the Second Notice of Removal is proper and falls outside the proscription of the voluntary-involuntary rule. Accordingly, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED** on this ground as well. (Doc. 9).

        *b. Fraudulent Joinder[6] Exception*

Even if the production of the RMCO Insurance Document does not constitute an act or event which would trigger the thirty-day clock for removal due to application of the voluntary-involuntary rule, thereby precluding Felix's subsequent removal here, the undersigned finds that Felix's removal still withstands application of the rule. The Insurance Document as referenced by Felix goes strictly towards proving its claim that RMCO was fraudulently joined. If RMCO was fraudulently joined by Plaintiff, RMCO's dismissal from this suit will unquestionably be warranted; the last obstacle to Felix's federal removal victory therefore is RMCO's status as a proper party to this lawsuit.

As noted above, a diversity of citizenship action removed to federal court must be remanded if even one of the "defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, "a case may still be removed where a claim against an in-state defendant is dismissed because of fraudulent joinder." *Wilkins v. Arthur J. Gallagher & Co.*, No. MO-10-CV-40, 2010 U.S. Dist. LEXIS 155806, at *7, 2010 WL 11652141, at *3 (W.D. Tex. May 12, 2010) (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)), *report and recommendation adopted*, No. MO-10-CV-040, 2010 U.S. Dist. LEXIS 155807, 2010 WL 11652183 (W.D. Tex. May 27, 2010). A non-diverse or forum-defendant is improperly joined "such that its

---

5. This is no "second bite at the apple" (Doc. 11 at 5); rather, this is Felix's first bite at the apple, made upon Felix's return after it realized the orchard was closed on Tuesdays.

6. In the Fifth Circuit, the terms "improper joinder" and "fraudulent joinder" are used interchangeably. *See Williams v. Homeland Ins. Co.*, 18 F.4th 806, 811–13 (5th Cir. 2021) (using "fake," "fraudulent," and "improper" to describe the phenomenon); *see also Martinez v. Peterbilt Motors Co.*, No. SA-04-CA-0332-RF, 2004 U.S. Dist. LEXIS 22780, at *3 n.2, 2004 WL 3218388, at *1 n.2 (W.D. Tex. Nov. 10, 2004) ("[T]he Fifth Circuit adopts the term 'improper joinder' as more accurately characterizing the concept that is frequently referred to as 'fraudulent joinder.'").

citizenship can be ignored" for the purpose of evaluating the case's invocation of diversity jurisdiction if the removing party shows one of the following: (1) "actual fraud in the pleading of jurisdictional facts; or (2) [that] the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams v. Homeland Ins. Co.*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The removing party bears the burden to establish improper joinder. *Id.* (citation omitted).

Felix alleges a tangential argument that it "believes Plaintiff was aware of RMCO's immunity from suit," which is the only basis in the pleadings and briefs for actual fraud. (Doc. 10 at 6 n.6). However, Felix has produced no evidence supporting a prescient knowledge and therefore concealment by Plaintiff of RMCO's purported immunity from suit—this claim must be rejected accordingly. Felix's briefings, however, argue and more appropriately substantiate a claim that Plaintiff is in fact definitively unable to bring his suit against RMCO in state court, and therefore, the second mechanism for demonstrating improper joinder is most applicable. Under this mechanism, the court must consider "whether the defendant has demonstrated that there is *no possibility* of recovery by the plaintiff against the in-state defendant." *Graves v. Decca Consulting*, No. PE:20-CV-00021-DC-DF, 2020 U.S. Dist. EXIS 259110, at *5, 2020 WL 10317466, at *2 (W.D. Tex. June 11, 2020) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)) (emphasis added); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993). If a state court has not yet ruled on the merits of the plaintiff's claims, the federal court asks whether "there is any reasonable possibility that a state court would rule against the non-diverse defendant." *Hoyt v. Lane Const. Corp.*, 927 F.3d 287, 296 (5th Cir. 2019) (internal citation and quotation marks omitted). The "motive or purpose of the joinder of in-state defendants is not relevant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 574).

In this instance, the undersigned finds that Felix has met this heightened burden. Utilizing the possibility of recovery framework, the Court must determine whether the Felix as the removing

Defendant has shown that Plaintiff "lacks a viable state law cause of action against the non-diverse defendant," here RMOC. *See Williams*, 18 F.4th at 812. By the live Complaint, Plaintiff's sole cause of action against RMOC is negligence. (Doc. 1-2 at 18–20). Felix asserts that RMOC, who is undisputedly a Texas resident, which would thereby preclude this Court's diversity jurisdiction, is a "Workers' Compensation subscriber," and Plaintiff a "covered employee." (Doc. 10 at 7). According to Felix, workers' compensation payments "are the exclusive remedy" in this scenario, which would indicate that RMOC is entitled to immunity from suit. *Id.* Plaintiff at no point in the current federal litigation disputes that RMOC is covered under workers' compensation and his claim subsequently precluded. (*See generally* Docs. 9, 11).

The Texas Workers' Compensation Act ("TWCA") provides that the "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee." Tex. Lab. Code Ann. § 408.001 (West 2005). Thus, an injured individual who is employed by an employer subscribed to a workers' compensation insurance plan can only seek, with the exception of gross negligence, workers' compensation benefits. *See Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012) (interpreting Tex. Lab. Code Ann. § 408.001). Essentially, the TWCA allots "workers' compensation benefits [a]s the 'exclusive remedy' against the employer" if the defendant employer (1) employed the plaintiff, (2) who suffered work-related injuries, and is not asserting a claim for gross negligence, and (3) possessed active workers' compensation insurance at the time of the injury. *See Martinez v. Peterbilt Motors Co.*, No. SA-04-0332-RF, 2004 U.S. Dist. LEXIS 22780, at *12–*13, 2004 WL 3218388, at *3 (W.D. Tex. Nov. 10, 2004) (citing *Payne v. Galen Hosp. Corp.*, 4 S.W.3d 312, 316 (Tex. App.— Houston [1st Dist.] 1999), *aff'd*, 28 S.W.3d 15 (Tex. 2000)).

Plaintiff's injuries purportedly occurred while he "was working as an employee of [RMOC] . . . as a tanker truck driver," on March 26, 2019. (Doc. 1-2 at 17–18). Felix, in its Second Notice of

Removal, portends that RMOC was a workers' compensation subscriber at the time in question. (*See* Doc. 1). RMOC's answer, now filed in federal court in this case, additionally asserts the TWCA exclusivity defense as a bar to this action. (Doc. 7 at 2); *see Gonzalez v. Robles & Sons, Inc.*, No. SA-14-CA-733-OLG, 2014 U.S. Dist. LEXIS 191172, at *6–*7, 2014 WL 12490000, at *2 (W.D. Tex. Dec. 22, 2014), *report and recommendation adopted*, No. SA-14-CA-733-OLG, 2015 U.S. Dist. LEXIS 183035, 2015 WL 11570996 (W.D. Tex. Jan. 13, 2015). In support of Felix's improper joinder claim, Felix refers to the Insurance Document which lists RMOC has a subscriber to workers' compensation insurance, spanning a period from January 1, 2019, until January 1, 2020. (Doc. 10-2 at 2–5). Plaintiff has not disputed in this case whether RMOC was subscribed as such. (Docs. 9, 11). Because RMOC has claimed, and Felix has conjunctively supplemented with undisputed evidence, that RMOC was a subscriber of workers' compensation insurance when Plaintiff's injuries occurred, the undersigned finds that RMOC possessed insurance under the terms of the TWCA. Further, given the undisputed qualities of Plaintiff's employment with RMOC, as well as his injuries being work-related, the undersigned must conclude that the TWCA's exclusivity defense applies here, and relegates Plaintiff to workers' compensation plan benefits and payments. Accordingly, the action as it pertains to RMOC, which is strictly the negligence claim, is barred.

Having found that RMOC is barred in this lawsuit under the TWCA, the undersigned also holds that RMOC was improperly joined. Felix has established without contradiction that RMOC is immune from lawsuit—correspondingly, Plaintiff's chances for recovery against RMOC here are nonexistent. *Accord Gonzalez*, 2014 U.S. Dist. LEXIS 191172, at *7, 2014 WL 12490000, at *3. Texas courts have re-affirmed the principle many a time that the TWCA, absent an allegation of gross negligence, provides that workers' compensation is the exclusive remedy for such alleged injuries as Plaintiff's. *Perio v. Titan Mar., LLC*, No. H-13-1754, 2013 U.S. Dist. LEXIS 145229, at *19, 2013 WL 5563711, at *6 (S.D. Tex. Oct. 8, 2013) (citing *Port Elevator-Brownsville*, 358 S.W.3d at 239–40, 44). Even in state court, were this case to be remanded, Plaintiff's action against

RMOC could not proceed. Because Plaintiff has no possible chance of recovery under the theories presented in his active Complaint, the undersigned can reach no other conclusion than that RMOC is improperly joined. The remaining party, Felix, is still undisputedly diverse, allowing this Court to retain jurisdiction. *See Gonzalez*, 2014 U.S. Dist. LEXIS 191172, at *7, 2014 WL 12490000, at *3. Therefore, the undersigned **RECOMMENDS** that RMOC should be **DISMISSED** from this action.

 The undersigned's conclusions about fraudulent joinder in this case circumvent any application of the voluntary-involuntary rule in the event that the Court holds that RMOC's Insurance Document does not constitute an other paper. Ordinarily, as delineated above, the voluntary-involuntary rule requires that federal jurisdiction can only be created by the plaintiff in an otherwise nonremovable case. *See Scout 5 Props., LLC v. Acadia Ins. Co.*, No. 2:21-cv-00231-JRG-RSP, 2021 U.S. Dist. LEXIS 209860, at *4, 2021 WL 5051564, at *2 (E.D. Tex. Oct. 31, 2021). However, there an exists an exception to the voluntary-involuntary exception based upon improper joinder. *Diais v. Liberty Mut. Ins. Co.*, No. MO:20-CV-00008-DC, 2020 U.S. Dist. LEXIS 256071, at *5–*6, 2020 WL 10054495, at *2 (W.D. Tex. May 21, 2020). Specifically, previous jurisprudence as promulgated by the United States Supreme Court has indicated that fraudulent or improper joinder can permit a defendant to perform an end-run around the other paper threshold, allowing the federal court to dismiss a nondiverse defendant and assume diversity jurisdiction. *See Valverde v. Maxum Cas. Ins. Co.*, No. 7:21-cv-00240, -- F. Supp. 3d -- , 2021 U.S. Dist. LEXIS 164575, at *12–*13, 2021 WL 3885269, at *5 (S.D. Tex. Aug. 31, 2021) (observing that "plaintiff's improper or fraudulent joinder of an in-state defendant may . . . create federal jurisdiction in spite of the plaintiff's objection"); *see also Diais*, 2020 U.S. Dist. LEXIS 256071, at *8–*9, 2020 WL 10054495, at *3 (dismissing a nondiverse defendant for improper joinder under a Texas state law's immunity provision and "exercis[ing] diversity jurisdiction").

 Thus, the Plaintiff's "voluntary" action can be recounted as follows: a case with a forum-defendant cannot be removed to federal court under diversity jurisdiction unless "(1) the plaintiff

voluntarily dismisses all out-of-state defendants, or (2) the plaintiff improperly joined all out-of-state defendants such that no out-of-state defendant may be restored to the case by any court." *Valverde*, 2021 U.S. Dist. LEXIS 164575, at *17, 2021 WL 3885269, at *6. Plaintiff's voluntary act here, should the Court reject the undersigned's conclusion that the Insurance Document is not an "other paper" under the removal statute, is fraudulently joining RMOC. *Accord Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 678 (E.D. Tex. 1999) (opining that "one could argue that a plaintiff's act of filing a civil complaint that names a fraudulently joined defendant is itself a voluntary act").

In either event, Plaintiff has improperly joined RMOC, the only non-diverse Defendant, and the only prohibitor to diversity jurisdiction. Accordingly, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED** on this ground as well. (Doc. 9). The undersigned additionally **RECOMMENDS** that RMOC be **DISMISSED** as a defendant from this suit for immunity under the TWCA.

*3) Attorney's Fees and Costs*

Plaintiff also includes in his Motion to Remand a request for attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c). (Doc. 9 at 10–11). Attorney's fees and costs are awarded under § 1447(c) only by "[a]n order remanding the case" as to those costs "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)); *see also Sticker Synergy Corp. v. Gwyn*, No. 14-2521, 2015 U.S. Dist. LEXIS 87944, at *38, 2015 WL 4097215, at *11 (E.D. La. July 6, 2015). The undersigned, having concluded that Plaintiff's Motion to Remand should be denied, consequently finds that Plaintiff's request for attorney's fees and costs also be **DENED**. (Doc. 9 at 10–11).[7]

---

7. Should the Court grant the Motion to Remand, the undersigned concludes that Felix had an objectively reasonable basis upon which he could seek removal. RMCO is patently an improperly joined party, and should be dismissed

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for attorney's fees and costs be **DENIED**. (Doc. 9 at 10–11).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. (Doc. 9).

In addition, the undersigned **RECOMMENDS** that Plaintiff's request for attorney's fees and costs be **DENIED**. (Doc. 9 at 10–11).

Further, the undersigned **RECOMMENDS** that Defendant RMCO, having been improperly joined, be **DISMISSED** from the instant action.

SIGNED this 12th day of April, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

from the case. That Felix elected to take advantage of the first removal deadline in the likely hopes that RMCO would make an appearance in this Court in *Odar I* does not make a second removal once the necessary evidence was required one made in bad faith. If it is at all true that Felix lacked an objectively reasonable basis for seeking removal, it would have been more opportune to seek attorney's fees in *Odar I*. However, out of a sort of altruism, Plaintiff only desires to do so now in his live Motion to Remand, once the ruse has been uncovered. Furthermore, as explained above, the issue as to whether an order, entered upon an unopposed Motion to Remand, which lacks analysis, facts, or even the explication of the applicable law, constitutes an "adjudication" of the prior factual basis is surely a novel one. Felix cannot be punished for seeking a good faith change or development in the law. *See Tovar v. Kaplan Higher Educ. Corp.*, 481 F. Supp. 2d 751, 757 (W.D. Tex. 2007) (denying attorney's fees while finding for plaintiff because "the issue of whether the TWCA bars a [certain claim] is somewhat unsettled"). The relevant issue is not whether "it was objectively reasonable to believe that [RMCO was fraudulently joined], but rather whether [Felix] had an objectively reasonable new factual basis for this belief that had not been adjudicated by [District Judge Counts] when he remanded the case the first time." *Weaver v. Zurich Ins. Co.*, No. 4:11-1095, 2011 U.S. Dist. LEXIS 101177, at *10–*11, 2011 WL 4007883, at *4 (S.D. Tex. Sept. 7, 2011). The undersigned has found the answer to this question in the affirmative.

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).