**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ALFREDO ODAR,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:21-CV-079-DC** |
| | § | |
| **FELIX ENERGY HOLDINGS II, LLC** | § | |
| **and ROCKY MOUNTAIN CRUDE OIL** | § | |
| **LLC,** | § | |
| *Defendants*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation ("R&R") filed on April 12, 2022, in connection with Plaintiff Alfredo Odar's ("Plaintiff") Motion to Remand. (Doc. 9). Plaintiff filed Objections to the R&R. (Doc. 13). After due consideration, the Court **ADOPTS** the R&R (Doc. 12) and **DENIES** Plaintiff's Motion to Remand. (Doc. 9).

## I.    BACKGROUND

This is a personal injury action originally filed in the 143rd District Court of Reeves County, Texas, Cause No. 21-03-23887-CVR, and subsequently removed to this Court on diversity jurisdiction. (Docs. 1, 1-2). Plaintiff alleges he was employed by Defendant Rocky Mountain Crude Oil, LLC ("RMCO") as a "tanker truck driver" offloading crude oil to a depository pump owned by Defendant Felix Energy Holdings II, LLC ("Felix") when he suffered bodily injury from a burst oil hose. (Doc. 1-2 at 16–18). Plaintiff asserts negligence claims against RMCO and Felix as well as a premises liability claim against Felix. (*Id.*).

On March 12, 2021, Plaintiff filed his First Amended Petition against RMCO and Felix. (Doc. 1-2 at 16). On April 22, 2021, Felix filed its first Notice of Removal ("First Notice of Removal") with this Court under Cause No. 4:21-CV-00027-DC (W.D. Tex. Apr. 22, 2021)

("*Odar I*") (ECF No. 1), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), premised upon RMCO's purported fraudulent joinder due to a state law immunity from suit. (Doc. 1-2 at 35–36).   On May 20, 2021, Plaintiff filed a motion to remand (the "Original Motion") in the prior removed case, asserting RMCO appeared to be properly joined.   *Odar I* (ECF No. 3).   On June 15, 2021, Felix filed a Notice of Non-Opposition to Remand ("Non-Opposition Notice"), arguing that RMCO "has not answered or appeared before this Court," or the state court action prior to removal, and attached an agreed order granting Plaintiff's First Motion to Remand.   (Doc. 9-2 at 2–3).   The Court entered an Order Granting Motion for Remand ("Remanding Order") on June 23, 2021.   *Odar I* (ECF No. 5 at 1).

On October 22, 2021, Felix filed another Notice of Removal ("Second Notice of Removal") with this Court, effectively removing the state court case to federal court for a second time.   (Doc. 1).   Felix argues that removal is now timely, and that complete diversity exists because, as Felix alleges it can now prove based upon a Certificate of Liability Insurance ("Insurance Document"), RMCO was fraudulently joined.   Plaintiff filed his Motion to Remand in the instant case on November 4, 2021, claiming a second remand is appropriate for the following reasons: (1) Felix waived federal court jurisdiction by consenting to the Original Motion and is now judicially estopped from removing again; (2) Felix's Second Notice of Removal is based upon the same grounds as the First Notice of Removal; (3) even if it were not, RMCO's Insurance Document does not constitute "other paper" or is otherwise untimely.   (Doc. 9).   Plaintiff also requests attorney fees for the second removal.   (*Id*. at 10–11).   Felix filed a Response on November 17, 2021, to which Plaintiff replied on November 24, 2021.

The Magistrate Judge recommended denying Plaintiff's Motion to Remand, denying Plaintiff's request for attorney fees, and dismissing RMCO from the present action as an

improperly joined party on April 12, 2022.  (Doc. 12).  On April 26, 2022, Plaintiff objected to the R&R on the following grounds: (1) Plaintiff argues that policy considerations support remand; (2) subsequent removals on the same grounds are prohibited; and (3) Felix waived its right to proceed in federal court.  (Doc. 13).

## II.  LEGAL STANDARD

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations.  28 U.S.C. § 636(b)(1).  Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district court of the proposed findings and recommendations.  *Id.*  Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed.  *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

## III.  DISCUSSION

The Court finds Plaintiff's objections concern purely procedural matters.  At first blush, it would seem that the inclusion of RMCO as a defendant would preclude removal.  But RMCO was Plaintiff's employer and immune from suit, and therefore, was improperly joined.  In this case, Plaintiff's objections based on policy considerations, whether a removal after a voluntary remand constitutes a prohibited subsequent removal on previously unadjudicated grounds, and waiver are **OVERRULED** because the Court concludes this case can remain in federal court. Plaintiff's objections are procedural in nature and not jurisdictional.  This Court will not remand the case because RMCO was improperly joined, and this Court has subject-matter jurisdiction

over this action because the amount in controversy exceeds $75,000.00 and the parties are diverse in citizenship.

### A.     Improper Joinder

The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004). Plaintiff has no cause of action in tort against RMCO because RMCO was Plaintiff's employer at the time of the accident, and thus, Plaintiff's exclusive remedy against RMCO is found in Texas's workers' compensation laws. Plaintiff does not claim RMCO committed an intentional tort. The Magistrate Judge found that Plaintiff is unable to establish a cause of action against the non-diverse defendant, RMCO, in state court; therefore, RMCO was improperly joined. No party objects to this finding. Accordingly, the R&R is **ADOPTED** on this ground and Plaintiff's claims against RMCO shall be **DISMISSED**. In sum, RMCO was improperly joined, and the Court has subject-matter jurisdiction over this action.

### B.     Procedural Objections

The Court agrees with the Magistrate Judge that the instant removal presents a set of facts not previously adjudicated in the Court's prior remand order. (Doc. 12 at 5–6). The prior remand order was devoid of substantive factual or legal analysis and presented to the Court as unopposed; therefore, the Court did not adjudicate any factual basis of the First Notice of Removal Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R on this ground.

4

Alternatively, the evidence Felix relies on in support of the second removal was not in Felix's possession and therefore could not have been presented to the Court prior to the first Remanding Order.  Thus, Felix would still be entitled to remove a second time based on new evidence.  *See Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 WL 4597574, at *3–*4 (N.D. Tex. Sept. 20, 2019).  Because there is a new factual basis for the Second Notice of Removal, Plaintiff's objections are **OVERRULED,** and the R&R is **ADOPTED**.

Next, the Court agrees with the Magistrate Judge that Felix filed its second notice of removal timely.  Generally, to timely remove a case, a defendant must file a notice of removal within thirty days after the receipt of the initial pleading.  *Everett Fin., Inc. v. Kocher*, No. 3:19-CV-1563-B, 2019 WL 4597574, at *2 (N.D. Tex. Sept. 20, 2019) (citing 28 U.S.C. § 1446(b)(1)).  The removal must be nevertheless filed within one year after commencement of the state court action.  28 U.S.C. § 1446(c)(1).  Plaintiff filed his petition in state court on March 12, 2021.  (Doc. 1-2).  Felix filed its Second Notice of Removal on October 22, 2021, within one year of the filing of the petition.  (Doc. 1).

The removal statute further provides: "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Essentially, § 1446(b) "provides a two-step test for determining whether a defendant timely removed a case."  *Decatur Hosp. Auth. v. Aetna Health, Inc*., 854 F.3d 292, 297 (5th Cir. 2017).  If the case initially pleaded is removable, the defendant must file a notice of removal within thirty days of the receipt of the initial pleading; if not, the defendant must file a notice removal within thirty days from the receipt of an other paper "from which the defendant can ascertain that the case is removable."  *Id.*

The Court agrees with the Magistrate Judge that "other paper" includes acts or events not necessarily predicated upon the plaintiff's voluntary act.  *See S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).  Felix received the Insurance Document at issue on October 8, 2021.  Felix filed its Second Notice of Removal two weeks later.  Accordingly, the Second Notice of Removal is timely, the R&R is **ADOPTED,** and Plaintiff's objections are **OVERRULED**.

Finally, the Court rejects Plaintiff's contention that the R&R did not address Plaintiff's waiver argument.  As stated by the R&R, "Plaintiff additionally cites no support for the proposition that Felix was required to make 'reservations' in Felix's Non-Opposition Notice." (Doc. 12 at 13).  The Court agrees with the Magistrate Judge that Felix was not required to make a reservation of rights in its initial voluntary remand to avoid waiver of the right to remove to federal court upon discovery of an "other paper" that supports diversity jurisdiction based on fraudulent joinder.  Accordingly, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R.

## IV.  CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 12), **OVERRULES** Plaintiff's Objections (Doc. 13), **DENIES** Plaintiff's Motion to Remand (Doc. 9), **DENIES**

Plaintiff's request for attorney fees, and **DISMISSES WITHOUT PREJUDICE** Defendant

Rocky Mountain Crude Oil, LLC as immune from suit and improperly joined.

It is so **ORDERED**.

SIGNED this 13th day of May, 2022.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE